## WOOLSEY CRONKHITE v. JEROME DICKERSON.

*Fraud—Remote evidence—Prejudicial instructions.*

In an action for fraud in selling plaintiff a second for a first mortgage, it is admissible to show that at the time of making the mortgage defendant said he did not want it to contain an exception in the covenant against encumbrances, as it might prejudice its sale.

51 MICH.—12.

| 51 | 177 |
|----|-----|
| 67 | 261 |

| 51 | 177 |
|----|-----|
| 71 | 67 |

| 51 | 177 |
|----|-----|
| 86 | 411 |

| 51 | 177 |
|----|-----|
| 92 | 54 |

| 51 | 177 |
|-----|-----|
| 115 | 516 |

| 51 | 177 |
|-----|-----|
| 119 | 398 |

| 51 | 177 |
|------|------|
| f158 | ª 52 |

In an action for fraud in selling a second mortgage for a first, it was objected that testimony was too remote which showed that defendant, in giving the mortgage, had said he wanted it to trade, and could not do so if there was anything to show a prior mortgage. Defendant's counsel said the testimony was that the buyer of the mortgage had sought defendant, and not defendant him. *Held*, prejudicial to defendant for the court to add in the hearing of the jury: "Yes, but he might have been lying in wait. If it had contained a covenant against incumbrances, and was a true statement of the situation of the property, it would itself have given the lie to the statement he is claimed to have made."

Judges must take great care to say nothing in the hearing of jurors while a case is progressing, which can possibly be construed to the prejudice of either party.

Error to Kent. (Montgomery, J.) June 20.—June 22.

CASE. Defendant brings error. Reversed.

*Taggart & Wolcott* for appellant.

*Fletcher & Wanty* for appellee.

SHERWOOD, J. The plaintiff brings case for alleged fraud in the sale of a note and mortgage to him by the defendant. The fraud charged consisted in the defendant's falsely representing to the plaintiff that the mortgage he then offered to sell to the plaintiff was a first mortgage on real estate, and thereby induced the plaintiff to purchase the same, when in fact it was a second mortgage and of little value. The plaintiff recovered on a trial before a jury at the circuit. Two errors only are assigned upon the record, and both relate to rulings in receiving testimony.

Counsel for plaintiff offered the statements of the defendant at or about the time of the making the mortgage, to the effect that he did not want the mortgage to contain an exception in the covenant against incumbrances, giving as a reason that it might prejudice its sale. This testimony was objected to as irrelevant and too remote. We think the testimony was properly received and within the former rulings of this Court. *Kost v. Bender* 25 Mich. 515; *Com-*

*stock v. Smith* 20 Mich. 346; *Beebe v. Knapp* 28 Mich. 65;
*Cook v. Perry* 43 Mich. 627.

On receiving the testimony just alluded to, counsel for
plaintiff stated to the court, in the presence of the jury:
"I expect to show that Mr. Dickerson said at the time that
he wanted the mortgage to trade, and could not if anything
was in it showing a first mortgage, and, in pursuance of
his statement, he did trade it off to the plaintiff." Counsel
for defendant thereupon remarked: "That is pretty remote;
the testimony is that he sought Mr. Dickerson, and not Mr.
Dickerson him." The court then suggested: "Yes, but he
might have been lying in wait. * * If it [meaning the
mortgage] had contained a covenant against incumbrances,
and it was a true statement of the situation of the property,
it would itself have given the lie to the statement that he
is claimed to have made."

It is insisted by defendant's counsel that these sugges-
tions by the court were calculated to make an impression
unfavorable to the defendant upon the minds of the jury.
Of course, nothing of the kind was intended by the court;
still, we think the suggestions open to the criticisms made
by defendant's counsel, and it is impossible to tell to what
extent the defendant's rights may have been prejudiced by
the remarks. Certainly, the natural tendency was in that
direction, and in this there was error.

Jurors are very vigilant in scrutinizing all that is said
by the trial judge in the progress of a cause before them,
and great care should be observed that nothing is said which
can, by any possibility, be construed to the prejudice of
either party. Courts cannot be too circumspect in this re-
gard.

The judgment must be reversed with costs and a new
trial granted.

CAMPBELL, J. concurred.

GRAVES, C. J. In view of the fact that the question be-
fore the jury was whether the defendant had been guilty
of a gross fraud in putting off a worthless mortgage, I agree

with Mr. Justice Sherwood that the circuit judge was not sufficiently guarded, and that his inadvertent remark was likely to affect the jury unfavorably towards the defendant.

COOLEY, J.   I doubt after examining the record in this case, if the circuit judge understood, or had any reason to understand, that the remark he made was excepted to, and I therefore do not concur in reversal.