## THE STATE OF KANSAS v. JAMES HUGHES.

CREDIBILITY OF WITNESSES — *Error of Trial Court in Giving Opinion.* In a criminal prosecution where the defendant lays the foundation for impeaching one of the principal witnesses for the prosecution, and afterward introduces a witness for that purpose, and the prosecution afterward introduces a witness to impeach the impeaching witness; and the court in the presence and hearing of the jury decides in effect that the impeaching witness of the defendant has sworn falsly, and that the impeaching witness for the prosecution, who was also the principal witness for the prosecution, has sworn truthfully; and upon the evidence it is not clear that the defendant is guilty of the offense charged against him, but the jury, after ten hours' deliberation, find the defendant guilty, and he is sentenced accordingly: *Held,* That the trial court committed material error in giving its opinion with regard to the credibility of the witnesses and the weight of their testimony.

### *Appeal from Dickinson District Court.*

PROSECUTION under § 13 of the prohibitory liquor law of 1881, in which prosecution the defendant, *James Hughes,* was charged with keeping and maintaining a common nuisance by keeping for sale and selling intoxicating liquors at a certain place in the city of Solomon, in violation of the prohibitory liquor law. Trial at the February Term, 1884; verdict, guilty; new trial denied. The court sentenced the defendant to pay a fine of $250, together with the costs of the prosecution, taxed at $332.95, and ordered that he be committed to the county jail until the fine and costs were paid. The court further ordered that —

"The defendant enter into a bond for his good behavior, unto the state of Kansas, in the sum of one thousand dollars, with good and sufficient sureties, to be approved by the clerk of said court, conditioned that the said defendant will not, directly or indirectly, unlawfully sell, barter, or give away, or unlawfully keep for sale, barter or use, any intoxicating liquors within the said state of Kansas, for the period of two years from this date, and that he be committed to the jail of said county of Dickinson until this order be complied with."

A portion of the record of the case reads as follows:

"At the close of this witness's [Dougherty's] testimony, and before he had left the stand, the court said in a heated and earnest manner and in the presence and hearing of the jury: 'Mr. Prosecutor, you proceed at once to file informations against W. P. Dougherty and George W. Joles for attempting to bribe a witness, and see that they are bound over to appear at the next term of this court to answer that charge. I cannot and will not have any witness bribed·in any case in this court, or attempted to be bribed, or even a suspicion that such an attempt can be made with impunity. You will file these informations now, Mr. Prosecutor.' To which statements, and each of them, then and there made as aforesaid, by the court, the defendant duly excepted; and the defendant then and there demanded and requested of the court that the court should then and there and in the presence and hearing of the jury, order information to be filed against the said witness, George R. Kestetter, for offering to accept a bribe while a witness in this case; which demand and request was then and there, in the presence and hearing of the jury, by the court refused; to which action and ruling of the court, the defendant at the time duly excepted."

The other facts are sufficiently stated in the opinion of the court. *Hughes* appeals.

*J. R. Burton*, for appellant.

*W. A. Johnston*, attorney general, for The State; *Edwin A. Austin*, of counsel.

The opinion of the court was delivered by

·VALENTINE, J.: This was a criminal prosecution under §13 of the prohibitory liquor law of 1881, in which prosecution the defendant, James Hughes, was charged with keeping and maintaining a common nuisance, by keeping for sale and selling intoxicating liquors at a certain place in the city of Solomon, Kansas, in violation of the said prohibitory liquor law. The case was tried before the court and a jury, and the jury found the defendant guilty as charged. He was then sentenced to pay a fine of $250 and the costs of the prosecution, to stand committed to the county jail until such fine and costs were paid, and to give a bond in the sum of $1,000,

with good and sufficient sureties, for his good behavior, etc., for two years, and to stand committed to the county jail until such bond should be given. The defendant now appeals to this court. His principal ground for reversal is, that the trial court itself in effect decided that the defendant's principal witnesses in the case had sworn falsely, while the principal witness against him had sworn truthfully. The facts with reference to this matter are substantially as follows : The principal witness for the state was George R. Kestetter, who testified to facts which, if true, tended very strongly to show that the defendant was guilty. On the cross-examination of this witness by the defendant, the proper questions were asked for the purpose of laying the foundation for impeaching his testimony by other witnesses, to be afterward called and examined. Afterward such witnesses, to wit, George W. Joles, W. P. Dougherty, and R. B. Lyda, were called and examined as such impeaching witnesses. Joles testified, among other things, that in a conversation with Kestetter, Kestetter said to him as follows :

" If defendant, Hughes, would pay him $50, he would run away and not be here to testify against him; that for that amount he would skip out, and all the sheriffs and deputy sheriffs in the state could not catch him."

Dougherty testified, among other things, that Kestetter in a conversation with him, stated as follows :

"That if defendant, Hughes, would give him $50, he would skip out, and not be here to swear against him, and that Hughes had better put up, or he, Kestetter, would stick him."

For the purposes of this case, it is not necessary to give any of the testimony of Lyda. Afterward, Kestetter was again introduced as a witness by the state, and in accordance with his previous testimony and denials, he then testified that the statements made by Joles and Dougherty were untrue; that he did not offer to "run away," or to "skip out," or to absent himself from the court for $50 or for any other sum, but on the contrary, that both Joles and Dougherty attempted to bribe him by offering to pay him the sum of $125 if he

would so absent himself from the court that his testimony could not be used against the defendant. Two other witnesses were also introduced by the state, who testified that they heard a part of the conversation between Kestetter and Joles; and their testimony tended to corroborate that of Kestetter. The defendant again introduced Joles and Dougherty as witnesses, and each testified that he had never had any such conversation with Kestetter as had been testified to. While Dougherty was still on the stand, and in the presence and hearing of the jury, the court ordered that the prosecutor should immediately file criminal informations against both Joles and Dougherty, charging them with attempting to bribe a witness, and to see that they were each bound over to appear at the next term of the district court to answer to such charge; and refused to order that the prosecutor should file any information against Kestetter for attempting to be bribed as a witness. The court by this action in effect decided that Kestetter was a truthful witness; that his statements were true; and that Joles and Dougherty were untruthful witnesses, and that their statements were false.

The question now presented is, whether this action on the part of the court constitutes material error or not. We must answer this question in the affirmative. The question as to whether the defendant was guilty or not, was not at all clear under the evidence. Much of the evidence, indeed, tended to prove that he was not guilty; and even with this decision on the part of the court as to the credibility of the witnesses and the weight of their testimony, the jury were ten hours deliberating upon their verdict before they arrived at the conclusion that the defendant was guilty. It may be that except for this decision on the part of the court, the jury would not have found the defendant guilty at all.

The claim on the part of the state that this decision on the part of the court did not constitute any material error, is twofold: First, that the whole thing was immaterial; and, second, that the court afterward rendered this decision harmless by giving the following instruction to the jury, to wit:

Opinion of the Court.

· "I further instruct you that the defendant ought not to be prejudiced by the supposed misconduct of any witness or witnesses who testified for or against him, but he should be tried alone upon the evidence and the law in the case."

We think this claim on the part of the state is insufficient; for, even if the foregoing impeaching testimony was wholly incompetent in the case, still it was introduced in the case without objection, and the action of the court in deciding who told the truth and who did not tell the truth was highly prejudicial to the interests of the defendant, and the subsequent instruction given by the court to the jury would hardly render the previous action of the court harmless. Kestetter, it must be remembered, was one of the principal witnesses, if not the principal witness, against the defendant upon the merits of the case, and if he told the truth, there was sufficient evidence to sustain a conviction against the defendant; and the court in effect said he was a truthful witness. But such impeaching testimony was not incompetent. The defendant had a right to show the corrupt leanings and tendencies of the witness Kestetter with regard to the subject-matter of this particular case, after laying the proper foundation for the same as he did. (Chamberlayne's Best's Principles of Evidence, § 644, p. 635; 1 Greenl. Ev., § 459; Wharton's Crim. Ev., §§ 476, 477, 488.) And when this was done, then the state had the right, within proper limits, to impeach the impeaching witnesses by introducing the testimony of Kestetter and the other witnesses, as it did, to show that the impeaching witnesses were unworthy of belief with regard to the particular matter concerning which they testified. All the foregoing testimony, however, was introduced without objection, and we cannot therefore treat it as wrongfully in the case, or as wholly immaterial in the case.

We think the aforesaid action on the part of the court constituted material error; and for such error the judgment of the court below will be reversed, and the cause remanded for a new trial.

HORTON, C. J., concurring.

JOHNSTON, J., not sitting in the case.