THE STATE OF KANSAS v. O. J. BURWELL.

1. REMARK OF COURT, *Open to Criticism.* A remark made by the court concerning a statement made by one of the witnesses, which, though open to criticism, is not deemed to have affected the result, will not require a reversal of the judgment.

2. TESTIMONY, *Sustains Conviction.* The testimony examined, and *held* to be sufficient to sustain the conviction.

*Appeal from Norton District Court.*

BURWELL, convicted of unlawfully receiving stolen property, appeals. The opinion states the case.

*John R. Hamilton,* for appellant.

*John T. Little,* attorney general, and *C. D. Jones,* county attorney, for The State.

The opinion of the court was delivered by

JOHNSTON, J.: O. J. Burwell was convicted of unlawfully and feloniously receiving an iron safe, of the value of $50, and national bank notes, treasury notes, and gold and silver certificates, of the amount of $2,600, which had been stolen from the Pacific Express Company, in the town of Lenora. The punishment adjudged was imprisonment at hard labor in the state penitentiary for a term of five years. A remark made by the court during the progress of the trial is the principal ground assigned for reversal. William Burwell, a son of the appellant, who was implicated in the larceny of the property and had been convicted, was a witness in his father's behalf. The substance of his testimony was that the theft was committed by Charles O'Connor, Jim Burwell, and himself, and during the giving of a story, related several schemes and adventures of an unusual character in which he had participated, including the breaking of jails, the burglarizing of depots, and the plan to rob a gold mine in the west, much of which was entirely incompetent. In response to an objection made to an inquiry, the court remarked: "It seems to me that the state could just let this witness go right along with his romance." A remark of this kind, whether jocularly made or not, was very objectionable, and, under some circumstances, might afford sufficient ground to set aside a conviction. The testimony preceding the remark related almost entirely to the commission of the larceny, of which there is no dispute, and in which it is not charged that the defendant took part. The stealing of the safe and the money is con-

ceded, and the only important question in this case was, whether the defendant had unlawfully received the stolen property. As the statements of the witness related to that which was conceded, we are inclined to the opinion that the remark did not affect the result. The court charged the jury that they were the exclusive judges of the testimony and of the credibility of the witnesses, so that in the end the weight and character of the evidence given by William Burwell was submitted to the determination of the jury. The proof of the charge made against the defendant was strong and amply sufficient to sustain the verdict that was rendered. In view of all the circumstances, we think the remark of the court is not a sufficient ground to overthrow the verdict.

The judgment of the district court will be affirmed.

All the Justices concurring.