## R. L. WALKER v. R. R. COLEMAN et al.

1. CAUSE—*No Right of Removal.* The mere fact that the defendant is a United States marshal, justifying under a writ of attachment issued from the federal court for this district, does not confer upon him any right of removal of the cause to that court.

2. NEW TRIAL—*Misconduct of Judge.* Where the judge during the progress of a trial before a jury assails one of the counsel for defendant with offensive language, and such as to imply that he is an intruder in court, and this bearing of the judge probably had an influence upon the jury prejudical to the defendant, and the verdict was against him, a new trial should be granted on the ground of irregularity in the proceedings of the court.

*Error from Sedgwick Court of Common Pleas.*

THE defendants here were the plaintiffs in the court below, and the action was brought to recover the value of a stock of goods alleged to have been unlawfully taken by the defendant below, who is plaintiff in error, and will be hereafter called the defendant.    Trial had at the May term, 1890.    Verdict and judgment for plaintiff for $3,896.86 and costs, and the defendant brings the case to this court for review.

The defendant in due time filed an application to remove the cause to the circuit court of the United States for the district of Kansas on the ground that in taking the stock of goods he was acting as marshal of the United States for the district of Kansas under the orders of the circuit court of the United States for said district, by virtue of an attachment issued from said circuit court in an action wherein Tootle, Hosea & Co. were plaintiffs and T. H. Lynch was defendant, and that all his acts in relation to the taking of the said property were in the strict and direct line of his duties as such United States marshal, and that the suit arose under the laws of the United States by reason of the foregoing facts.    The lawyers actively participating in the trial were W. E. Stanley, of Wichita, for the plaintiffs, and George W. Adams, of Wichita, and H. C. Solomon, of Atchison, for the defendant.    During the trial, the judge took occasion to reprimand the attorneys for the defendant on several occasions.    After a question upon the admissibility of evidence as to the value of certain real estate had been argued, the following colloquy took place between court and counsel.    The judge, having an open book in his hand, said :

"Here is some good law [reading]: 'A lawsuit is

not a game to be won or lost by sharp practice and shuffling devices. The part of judicial investigation is to ascertain the facts, not to suppress them.'"

Adams : "What has that got to do with this case?"

Court : "I read that for the benefit of the attorneys for the defendant."

Adams : "We object to that, and desire the stenographer to take it down and note our exception to it."

Stanley : "I object to that going down in the record. It is not a proper thing to go into the record. It is not part of the case."

Court : "The gentleman from Hogtown [referring to Mr. Solomon] may do very well up in his town, but it will learn him a few lessons when he comes down here. We can try our lawsuits."

Solomon : "I suppose I am privileged to come here, if I wish to."

Court : "Yes ; but I think you belong in Missouri properly. You should have located in Missouri. There is where you made a mistake."

Solomon : "I have always lived in Kansas, and have practiced law here for a number of years."

Court : "You made a mistake."

Adams : "Mr. Stenographer, note our exceptions to the remarks of the court."

Solomon : "I have not had a word to say in court in any part of the case, and have tried to conduct myself courteously with the court."

Court : "If you kept still it would not be so bad ; but you keep egging him on all the time. I can see. We could possibly get along with him, but you delay the case. Proceed with the case. You will have to show the market value of the property first."

*H. C. Solomon*, and *Adams & Adams*, for plaintiff in error.

*W. E. Stanley*, for defendants in error.

The opinion of the court was delivered by

MARTIN, C. J. : I. The application to remove the cause to the United States circuit court for the district

of Kansas was properly overruled. The mere fact that the defendant was a United States marshal, justifying under a writ of attachment issued from the federal court, did not confer upon him any right of removal under the several acts of congress relating to that subject. The order of attachment was issued under the laws of the state of Kansas, the federal courts having concurrent jurisdiction with the state courts in certain cases; but no federal question could arise upon the pleadings nor upon the petition for removal, and it was not claimed that the parties to this suit were citizens of different states.

II. The record discloses that the attorneys tried the case with reasonable fairness and courtesy as between themselves, and we see little or no cause for the apparent exasperation of the trial judge against the attorneys for the defendant, and particularly against Mr. Solomon. Mr. Adams took the leading part on that side of the case, and Mr. Solomon had little to say. He resided in a distant place, and the trial judge seems to have considered him in the light of an intruder. Presumably neither Mr. Solomon nor Mr. Adams had any interest in the result of the suit, except such as properly arises from the relation of attorney and client. The rights of the parties to the action were the proper subject of consideration by the court, and those rights ought not to be prejudiced by any ill-feelings of the trial judge against counsel. In the case of *Cronkhite v. Dickerson*, 51 Mich. 177, it is held that "judges must take great care to say nothing in the hearing of the jurors, while a case is progressing, which can possibly be construed to the prejudice of either party," and the judgment was reversed because of an unfavorable suggestion of the trial judge, the reviewing court saying, "it is impossible to tell to

what extent the defendant's rights may have been prejudiced by the remarks." And in *Wheeler v. Wallace,* 53 Mich. 355, 356, and 361, it was decided that "error will lie on the demeanor of the trial judge, if it be such as to prevent a fair trial, or prejudice the case upon the facts before the jury," and that it is improper for him to reflect upon the capacity and memory of counsel to whom clients have intrusted their interests, and the judgment was reversed for this cause among others. "Irregularity in the proceedings of the court . . . or abuse of discretion by which the party was prevented from having a fair trial," is one of the grounds specified in § 306 of the code for a new trial, and this was assigned in the motion of the defendant for a new trial, and is renewed in the petition in error here. An examination of the record leads us to the conclusion that the defendant was probably prejudiced by the conduct and bearing of the trial judge toward counsel. We think that some of the answers of the jury to particular questions of fact are against the evidence and too favorable to the plaintiffs, and this indicates that the jury may have been influenced unfavorably to the defendant by the bearing of the trial judge and his prejudice against counsel.

The judgment will be reversed, and the cause remanded to the district court of Sedgwick county for a new trial.

All the Justices concurring.