ANTHONY VALIN v. WILLIAM H. MCKERREGHAN AND GEORGE H. POTTER.

*Evidence—Cross-examination—Instructions to jury.*

1. Where a plaintiff has introduced testimony which the jury might consider as corroborative of the testimony of the witness on a given point, it is competent for the defendant to cross-examine the witness on the same subject.
2. An instruction which gives the jury distinctly to understand that the trial judge has a decided opinion that the plaintiff is entitled to recover is objectionable.

Error to Bay. (Maxwell, J.) Submitted on briefs January 23, 1895. Decided February 26, 1895.

*Assumpsit.* Defendants bring error. Reversed. The facts are stated in the opinion.

*Pratt, Van Kleeck & Gilbert,* for appellants.

*T. A. E. & J. C. Weadock,* for plaintiff.

MONTGOMERY, J. Plaintiff sues as assignee of A. J. Shanley. Shanley, in the summer of 1893, had a contract for painting one of the school buildings in Bay City for the stated price of $365. On July 17, 1893, Shanley gave to the defendants a written order upon the board of education for the contract price of the work. Upon this order defendants drew the money, and plaintiff, as assignee of Shanley, brings suit to recover the balance claimed to be due from defendants.

Plaintiff's claim, which is supported by Shanley's testimony, is that, when the order was given, it was understood that defendants were to retain out of the order payment for materials then and thereafter to be furnished upon the job, amounting to $155.58, and to turn over the balance to Shanley to pay his men, to whom he was indebted to the amount of $179.

Defendants claimed, and gave testimony tending to show, that, at the time that Shanley made arrangements with them to furnish him material and supplies for the school house, they had a store bill against Shanley to the amount of $167.06; that Shanley then agreed, if they would furnish the supplies with which to do this work, he would pay out of the proceeds of the job for the supplies, and also the old store bill; that the supplies were furnished in pursuance of this agreement; that afterwards Shanley

assigned to them the school order; that, at the date of the assignment, part of the old account was represented by a note; that it was then agreed that said note should be renewed, if renewal could be secured at the bank, and, if not, that the same would have to be paid; that afterwards, on July 20, a $95 note was given to be used by defendants at the bank, and on the 21st of July another note held by defendants was reduced to $72.06, and a new note for this amount was given; that, after the school order was paid to defendants, they sought to make arrangements at the bank to extend the notes when they fell due, but that the bank refused to extend the notes, and notified the defendants that the notes must be retired when they fell due; that defendants then took up the notes at the bank, and paid Shanley over the balance of the money, after deducting the value of the supplies furnished and the old store account represented by the two notes, the balance being $42.36, and at the same time offering him his two notes.

Error is assigned upon the rejection of testimony and on the charge of the court.

On the direct examination of the witness Shanley, he had testified that the balance above the amount of the supplies was to be returned to him to pay men in his employ, to whom he was indebted in the sum of $179. On cross-examination he was asked how much was due his workmen, and this question was excluded, on the ground that it was immaterial and irrelevant. As plaintiff had himself offered testimony on the subject which the jury might have considered corroborative of Shanley's testimony, we do not perceive why it was not competent for defendant to cross-examine the witness on the same subject.

In his charge to the jury the circuit judge said:

"Now, the parties to this agreement ought to have carried it out on both sides in absolute good faith. Such

is .the basis of honest dealing in the world,—good faith and honesty. The notes were discounted in the bank, and were lying there when this money fell due. You all know what a money panic we had last summer, and how difficult it was to obtain discount on even the best of paper. I think the defendant, in answer to my question, admitted that he could not get any new discount when he offered them there at a subsequent date. If he could have renewed that paper by letting it lie in the bank and maturing easier than he could get a new discount from the bank after paying these notes, his conduct injured the plaintiff in the case.

"Now, I charge you that an undue note or paper is no set-off. It is not the kind of a claim that prevented the assignment of the claim, as it existed at the day without regard to the date. The result of it is that if this assignment was made at the date of it, as it appears, and there was that amount due the plaintiff, he would seem to be entitled to your verdict to the amount of the claim. But to you is given the sole authority to settle this conflicting testimony. You must decide which of these gentlemen is telling the truth, which you believe, and reconcile the testimony of both as well as you can, and find the result."

Exception is taken to that portion of the instruction reading:

"If he could have renewed that paper by letting it lie in the bank and maturing easier than he could get a new discount from the bank after paying these notes, his conduct injured the plaintiff in the case;" and that part reading as follows: "The result of it is that if this assignment was made at the date of it, as it appears, and there was that amount due the plaintiff, he would seem to be entitled to your verdict to the amount of the claim."

Under the defendants' theory, they were entitled to apply the proceeds of the order in payment of the notes. Yet, under these instructions, the jury, doubtless, understood that defendants were bound to let the notes lie in the bank until maturity before attempting to ascertain whether the bank would extend the time; and, when this instruction is taken in connection with the succeeding language, it gave the jury very distinctly to understand that the

judge had a decided opinion that the plaintiff was entitled to recover. We think this was error. *Perrott v. Shearer*, 17 Mich. 48; *Letts v. Letts*, 91 Id. 596.

. Judgment will be reversed, with costs, and a new trial ordered.

The other Justices concurred.