## RUFUS CONE v. THE CITIZENS BANK.
### NO. 132.

SPECIAL FINDINGS—*Improper Remarks of Court.* In the submission of special questions to the jury upon the request of either party, it is material error, prejudicial to the rights of the party requesting the submission of the questions, for the judge to make the following statement to the jury: "I want the jury to understand that these questions are got up to befuddle and mislead the jury so that there will be error in the trial of this case, so that the verdict may be set aside."

MEMORANDUM.—Error from Sedgwick court of common pleas; JACOB M. BALDERSTON, judge. Action by The Citizens Bank against Rufus Cone for an alleged conversion of personal property. Judgment for plaintiff. Defendant brings the case to this court. Reversed. The opinion herein was filed October 7, 1896.

The statement of the case, as made by DENNISON, J., is as follows:

On January 10, 1888, the Kansas Furniture Company executed and delivered to the Citizens Bank a chattel mortgage upon its entire assets to secure an indebtedness owing by it to the said bank for the sum of $25,400, and at the same time executed and delivered to A. S. Martin an additional chattel mortgage upon the same property to secure an indebtedness of $4,500. The Citizens Bank, at the time of the execution of said mortgages, took possession of the entire assets of the Kansas Furniture Company, valued at about $70,000, and conducted and carried on said business until the 10th day of April, 1888, at which time the following contract in writing was entered into:

"This agreement, entered into between the Citizens Bank of Wichita, Kansas, Mrs. A. S. Martin, Kansas

Furniture Company, and the creditors of the said Kansas Furniture Company, witnesseth : That, whereas, the said Kansas Furniture Company have been and now are indebted to divers parties in large sums of money which they have been unable to pay at maturity ; and whereas, the said Kansas Furniture Company are indebted to the Citizens Bank and Mrs. A. S. Martin in large sums of money which they have heretofore secured by chattel mortgages, said mortgages being now on file in the office of the register of deeds of Sedgwick county, Kansas ; and whereas, the said Citizens Bank, under and by virtue of said mortgages, has taken possession of the stock of merchandise of the said Kansas Furniture Company in the city of Wichita, Kansas, and also certain other property of the said Kansas Furniture Company, and notes, accounts and credits belonging to the said Kansas Furniture Company ; and whereas, all of said parties are desirous that the said property shall be managed as hereinafter provided : It is therefore agreed, (1) that the assets of the said Kansas Furniture Company now covered by the said mortgage to the Citizens Bank shall be taken into possession by R. Martin as trustee for the said mortgagees ; (2) that said trustee shall continue the business as already established and shall sell for cash, or on credit not to exceed 90 days, on good security, and credits of 90 days shall be considered as cash ; provided, however, that no sale shall be made at any time to exceed $200, except for actual cash in hand, without the consent of said bank to such sale ; and no security shall be taken to secure the payment of the amount due for any sale made without the approval of said bank ; (3) at the end of each week said trustee shall pay out of the proceeds of said sales :

(1) The necessary expenses incident to the management of said business, which shall not exceed 15 per cent. of the sales actually made ; (2) he shall then pay to the said Citizens Bank and to Mrs. A. S. Martin 60 per cent. of the proceeds of all sales and collections, to be prorated between them according to the amount of their respective claims, until the

amount secured by said mortgages to the Citizens Bank and Mrs. A. S. Martin shall be fully paid; (3) he shall use the remaining 40 per cent. to replenish the stock of merchandise belonging to said business, and pay off local bills unpaid existing in and about the city of Wichita, not to exceed $200; (4) the said mortgages to said Citizens Bank and to the said Mrs. A. S. Martin shall remain and constitute a valid lien upon all the property now secured by the same and all additions to the stock of merchandise hereafter named until the amounts secured by said mortgages shall be fully paid and discharged and the rights and claims of all the creditors of the said Kansas Furniture Company (except the said Citizens Bank and the said Mrs. A. S. Martin) shall be held to be inferior and subject to the said claims of the Citizens Bank and said Mrs. A. S. Martin; (5) after the indebtedness of the said bank and Mrs. A. S. Martin shall have been fully paid, the said trustee shall then pay 60 per cent. of the net proceeds to all the creditors of the company, *pro rata*, and 40 per cent. of the net proceeds to be applied to the purchase of goods to be added to the said stock of merchandise as herein provided.

"It is agreed and understood, however, that all of the obligations and conditions of the said mortgages to said Citizens Bank and Mrs A. S. Martin shall at all times hereafter remain of binding force and effect, and the said Citizens Bank hereby reserves the right, at any time when it may deem itself insecure, to reenter into possession of all the goods, wares, merchandise, notes, accounts and credits now covered by its said mortgage, and to dispose of the same as stipulated in said mortgage or provided by law; and whenever said Citizens Bank or Mrs. A. S. Martin shall so proceed to reenter into possession or dispose of stock as provided by law, then all the other parties to this contract shall be released from the obligations thereof. The said Citizens Bank and Mrs. A. S. Martin agree to sign the above and foregoing whenever the same shall be signed by the said Kansas Furniture Company, provided the same shall be done

within 20 days from the date hereof; and whenever a majority of the creditors and the said Citizens Bank and Mrs. A. S. Martin shall sign this agreement the same shall go into full force and effect. This agreement shall cease and determine, and all parties be released from the obligations thereof, on the 9th day of August, 1890.

"Witness our hands, this 27th day of February, 1888.   FOREST CITY FURNITURE CO.,
          LYON P. ROSS, *Treasurer.*
     ROCKFORD UNION FURNITURE CO.,
          P. A. PETERSON, *Secretary.*
     KANSAS FURNITURE CO.,
          S. W. PIERCE, *President.*
     ADALINE S. MARTIN.
     THE CITIZENS BANK,
          *By* SLUSS & STANLEY, *its Attorneys.*"

From said 10th day of April, 1888, until the 9th day of August, 1890, the business of the Kansas Furniture Company was carried on by Robert Martin, the trustee named in said contract, at which time the stock of furniture was turned back to the Kansas Furniture Company, and it continued to do business in its own name and on its own responsibility until the 20th day of October, 1890, at which time the Citizens Bank again took possession of the goods and assets of the Kansas Furniture Company, under a chattel mortgage executed by said Kansas Furniture Company and delivered to said bank to secure an indebtedness of $9,445. This mortgage was never filed for record. Under this mortgage the business was conducted by the bank until the 24th day of November, 1890, at which time the goods and chattels covered by said mortgage were sold at chattel-mortgage sale for the sum of $7,000, and were purchased by said Citizens Bank, which claims to be the owner of the said stock of goods under said purchase.

The Milwaukee Furniture Company secured an

order of attachment to be issued out of the district court of Sedgwick county, in an action wherein it was plaintiff and the Kansas Furniture Company was defendant, and this plaintiff in error, as sheriff of Sedgwick county, levied upon a portion of said furniture as the property of the Kansas Furniture Company.

Otto Stechhan & Co. secured an order of attachment to be issued out of the district court of Sedgwick county, in an action wherein he was plaintiff and S. W. Pierce and the Citizens Bank were defendants, and this plaintiff in error, as sheriff of Sedgwick county, levied upon a portion of said furniture as the property of said S. W. Pierce.

D. T. Mitchell secured an order of attachment to be issued out of the district court of Sedgwick county, in an action wherein he was plaintiff and the Kansas Furniture Company was defendant, and this plaintiff in error, as sheriff of Sedgwick county, levied upon a portion of said furniture as the property of the Kansas Furniture Company.

On the 9th day of January, 1891, the Citizens Bank, defendant in error, commenced this action in the court of common pleas of Sedgwick county, claiming of said Rufus Cone, this plaintiff in error, the sum of $1,-484.54, as damages for the alleged taking and conversion of the said personal property.

The plaintiff in error contended that the mortgages of the Citizens Bank and A. S. Martin were fully paid out of the proceeds of the sales made by Robert Martin as trustee, according to the terms of the above contract, and relied upon the special findings of the jury that said Robert Martin, trustee, had sold nearly $70,-000 worth of goods and had received about $50,000 in money, besides the amount received by the said Citi-

zens Bank while it had possession of the goods from January 10, 1888, to August 9, 1890, and from the 20th day of October, 1890, to the 24th day of November, 1890. The plaintiff in error also contended that the goods levied upon under the attachment issued in the case of Otto Stechhan & Co. v..S. W. Pierce, who was president of the Kansas Furniture Company, were goods sold directly to S. W. Pierce, and were not incluced in the mortgage given by the Kansas Furniture Company to said Citizens Bank.

This case was first tried to a jury on March 27, 1891, and a verdict returned for the defendant. Afterward, on the 31st day of March, 1891, on motion of the plaintiff, the court granted a new trial, and the case was again tried to a jury on the 13th day of May, 1891, when the following verdict was returned : " We, the jury impaneled in the above-entitled cause, do, upon our oaths, find for the plaintiff, and that the plaintiff was at the commencement of this action the owner and entitled to the immediate possession of the personal property described in plaintiff's petition, and we find the value of plaintiff's possession at $1,500." The jury also returned answers to 94 special questions submitted to them by the court. Defendants below filed a motion for a new trial, which was overruled by the court, and upon the overruling of said motion the case comes to this court for review.

*Adams & Adams, J. D. Houston,* and *J. F. Craig,* for plaintiff in error.

*Stanley & Vermilion,* for defendant in error.

The opinion of the court was delivered by

DENNISON, J. : During the last trial of this case in the court of common pleas of Sedgwick county, the

defendant below submitted to the court 94 special questions, requesting that they be submitted to the jury, for answers. The court submitted them to the jury, and in presenting them he made use of the following language: "I want the jury to understand that these questions are got up to befuddle and mislead the jury so that there will be error in the trial of this case, so that the verdict may be set aside."

Among the grounds upon which a new trial was asked are the following: (1) Irregularities in the proceedings of the court; (2) the abuse of discretion by the court, by which this defendant was prevented from having a fair trial. Paragraph 4401 of the General Statutes of 1889 provides that a new trial may be had upon these grounds. Upon an examination of the record, we are unable to say that the defendant below was not prejudiced by the remarks of the court. By this statement the judge assumes that the verdict will be for the plaintiff below, and that the defendant below wants error committed in the trial so that the verdict may be set aside, and that the questions were submitted to the jury to accomplish that result. It is well recognized that juries have a great respect for the opinion of the trial court, and are always on the alert for some intimation as to what the trial court thinks of the case. From the remark of the trial court the jury must have concluded that the court supposed, of course, that the judgment ought to be rendered for the plaintiff below, and this, and several other remarks of the court which were complained of, indicated very strongly to the jury that the trial court thought that the judgment ought to be for the plaintiff below. We are unable to say that their action was not influenced by the remarks of the court.

"Any improper remark of the court in the presence

and hearing of the jury, liable to influence their action, is misconduct." (16 Am. & Eng. Encyc. of Law, 524.)

"Judges must take great care to say nothing in the hearing of the jurors while the case is progressing which can possibly be construed to the prejudice of either party." (*Cronkhite v. Dickerson*, 51 Mich. 177.)

"Error will lie on the demeanor of the trial judge if it be such as to prevent a fair trial or prejudice the case upon the facts before the jury." (*Wheeler v. Wallace*, 53 Mich. 355.)

These cases are cited approvingly in *Walker v. Coleman*, 55 Kan. 381, which case was reversed and a new trial granted because of improper remarks made by the same judge who tried this case.

We think no good purpose can be served by an examination of the other errors complained of in this case. They are largely predicated upon the special findings of the jury, and upon another trial the answers to the questions may not be the same.

The judgment of the court of common pleas of Sedgwick county is reversed, and the case remanded to the district court of that county for a new trial.

All the Judges concurring.