FREDERICK KLINKER, Respondent, *v.* THE THIRD AVENUE RAILROAD COMPANY, Appellant.

*Trial — improper comments of the court in the presence of the jury — cured by the charge — mode of reviewing such comments — record relative to the denial of a motion for an adjournment.*

A statement by the court, made on the defendant's application for an adjournment of the trial of an action because of the absence of four witnesses, that the counsel for the defendant was "simply trying to fool, to hoodwink the jury, that is all," is cured, where the court, in its charge, subsequently directs the jury to disregard the whole matter, including its remark "that it was mere hoodwinking a jury to allude to absent witnesses."

Where, in the course of a trial, it is evident that the counsel for the defendant is trying to make up a record which will show that his application for an adjournment has been improperly denied, the court may properly direct that the stenographer note on the record that an inquest has once been taken in the action.

*Semble,* that since the amendments to section 83 of the Code of Civil Procedure, requiring the stenographer to note remarks and comments of the judge during the trial, the method of reviewing improper utterances of the trial court in the presence of the jury is by exception.

APPEAL by the defendant, The Third Avenue Railroad Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Queens on the 12th day of June, 1897, upon the verdict of a jury, reduced by stipulation from $3,500 to $1,800 under an order of the Trial Term entered in said clerk's office on the 10th day of June, 1897, permitting the reduction of the verdict, and also from so much of said order as allows the plaintiff to recover $1,800.

*Nathan Ottinger,* for the appellant.

*G. Washbourne Smith,* for the respondent.

WILLARD BARTLETT, J. :

This action was brought to recover damages for personal injuries sustained by the plaintiff in consequence of a collision between a wagon which he was driving and one of the defendant's cable cars in the city of New York. The jury rendered a verdict in favor of the plaintiff in the sum of $3,500. There was the usual motion for a new trial on the minutes, and the learned trial judge made a conditional order granting such motion, unless the plaintiff should consent to reduce the verdict to $1,800 and enter judgment thereon

accordingly. The plaintiff accepted this condition and the judgment now comes before us for review, and, therefore, represents an award of $1,800, together with the costs of the action.

There was sufficient evidence of negligence on the part of the defendant to justify and require a submission of the issues of fact to the jury, and the only question which calls for further consideration on this appeal arises out of certain remarks made by the learned judge who presided at the trial, just before the case was summed up by counsel.

The last witness called in behalf of the defendant was the claim agent of the Third Avenue Railroad Company, who testified that he had with him the original report of the case — presumably meaning a report of the circumstances of the accident made to the officers of the road — and that he had a statement therein of four witnesses to the accident, who were not then present in court, because he had not had an opportunity to get them there. When asked why not, he answered : " Because I was ready, and prepared four cases in New York county for to-day." Thereupon the following colloquy occurred between court and counsel : " Defendant's counsel.— Now, I make my motion to have this case adjourned until to-morrow. The Court.— This is simply trying to fool, to hoodwink the jury, that is all. This case was on yesterday, and should have been tried. I indulged the defendant and let the case go over until to-day. This morning they were not ready, and I insisted it should be tried. Defendant's counsel.— I except to your honor's remarks. Plaintiff's counsel.— Let it be further stated on the record we had to once take an inquest before in this case. The Court.— Yes. Defendant's counsel.— I except to that statement."

Cases sometimes unfortunately arise where the judge presiding at a jury trial utters, in the presence of the jury, remarks injuriously reflecting upon the conduct of the parties or their counsel which are so unjustifiable, in view of the circumstances developed by the evidence or the proceedings upon the trial, that the utterance of such remarks is deemed legal error affording ground for a reversal, unless it clearly appears that such error was harmless. (*Cronkhite* v. *Dickerson*, 51 Mich. 177; *Wheeler* v. *Wallace*, 53 id. 355, per COOLEY, Ch. J. ; *McDuff* v. *Detroit Evening Journal Co.*, 84 id. 1; *Furhman* v. *Mayor, etc., of Huntsville*, 54 Ala. 263.)

It is settled in this State that a verdict may be set aside on account of the persistence of counsel for the successful party in improperly commenting upon irrelevant matters outside the case, where it can be seen that the jury were probably influenced by the presentation of considerations in this manner which ought not to have affected their verdict. (*Williams* v. *B. E. R. R. Co.*, 126 N. Y. 96; *Halpern* v. *Nassau Electric R. R. Co.*, 16 App. Div. 90.) It is evident that a similar rule must prevail where the probability is that the verdict is due to improper comments by the trial judge. (*Daly* v. *Byrne*, 77 N. Y. 182, 191.) In the case cited, as in the case at bar, an exception had been taken to what the court said as to the need of delaying the trial in order to send for certain witnesses. The Court of Appeals thought that the remarks there in question did not afford a reason for interference by an appellate tribunal, but observed: "We will not say that a court might not go so far, in the utterance of matter applicable to the case, and be so gross in comment adverse to a party, as that a court of review would not be called upon to interfere with the result, on the ground that the verdict had been improperly influenced." The opinion adds that, in that case, the mode of review would not be by exception, but we think the rule in this respect has been changed by the amendments to section 83 of the Code of Civil Procedure, which now provides that the stenographer at a jury trial shall fully note each and every ruling, decision, remark or comment of the judge during the trial, when requested to do so by either party, "together with each and every exception taken to any such ruling, decision, *remark or comment*," by or on behalf of any party to the action.

The imputation put upon defendant's counsel by the learned trial judge, when he denounced him as simply trying to fool and hoodwink the jury by his motion for an adjournment, was wholly without justification, from anything which appears in the record before us. Any lawyer familiar with jury trials appreciates the extent to which the demeanor, manner and language of the presiding judge are observed by jurors, with reference to their own guidance in coming to a just and proper conclusion upon the facts, and it can hardly be doubted that such an expression of opinion, characterizing the motives of counsel as designed to mislead the jury in this very case, would have influenced them adversely, both to the lawyer and his

client, unless the objectionable remarks had been withdrawn from their consideration before the jury retired to deliberate upon their verdict.

It is plain, however, that the learned judge realized the mistake which he had made, and frankly and fairly endeavored to correct it at the conclusion of the charge. The court instructed the jury, in accordance with a request of defendant's counsel, that the verdict must be in favor of the defendant if the collision was the result of mere accident, and then proceeded to say : "With regard to the proof about other evidence lacking, we have tried the case on the testimony that is here alone, and whatever has been said in regard to the matter by counsel on either side, or by myself, is withdrawn entirely from your consideration, including the remark that it was mere hoodwinking a jury to allude to absent witnesses. That does not decide this case ; you decide it upon the evidence in the case, without regard to what I think about it, or counsel, or any one else."

We are of the opinion that this statement operated to remedy the evil occasioned by the objectionable remark of the judge. It has repeatedly been held that the vice of receiving inadmissible evidence may be cured by the action of the trial judge in subsequently striking it out and directing the jury to disregard it. (*Chesebrough* v. *Conover*, 140 N. Y. 382, 389.) We do not see why the same curative effect may not be assigned to similar efforts to do away with the damage caused by unfortunate judicial comments.

There was no error in the direction of the court that it should be stated on the record that an inquest had been taken once before in this case. This fact, it is true, had no bearing upon the issues on trial before the jury, but the defendant's counsel was evidently trying to make up a record to show that his application for an adjournment ought to have been granted ; and, under the circumstances, it was quite proper for the court to take cognizance of the fact that there had been an inquest, after which the defendant's default had been opened, and quite proper, also, that the stenographer should note this fact as bearing upon the proper disposition of the motion for a postponement.

The judgment should be affirmed.

Judgment and order unanimously affirmed, with costs.