## REILLY v. EASTMANS COMPANY OF NEW YORK.

(Supreme Court, Appellate Term.   June 28, 1899.)

COURTS—REMARKS OF JUDGE—HARMLESS ERROR.

Error in a remark of the judge, on excluding evidence, "You have evidence of the injury sufficient for a big verdict, if the jury believe it," is cured, where the court charged the jury to disregard the remark; the amount of the verdict showing that defendant was not prejudiced.

Appeal from city court of New York, general term.

Action by Kate Reilly against the Eastmans Company of New York. From a judgment of the general term (57 N. Y. Supp. 825) affirming a judgment for plaintiff, defendant appeals.   Affirmed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

M. A. Kursheedt, for appellant.

John C. Robinson, for respondent.

FREEDMAN, P. J.   This action was brought by the plaintiff to recover for personal injuries alleged to have been sustained by the negligence of the defendant's driver.   We have given the testimony taken in the case, as well as the briefs of counsel, careful examination, and fail to discover any reversible error committed on the trial. There was sufficient evidence of the negligence of the defendant's driver to justify and require its submission to the jury, and it was not shown that the plaintiff was guilty of contributory negligence.

During the progress of the trial, the judge made this remark to the attorney for the plaintiff in the presence and hearing of the jury: "You have evidence of the injury sufficient for a big verdict, if the jury believe it."   The defendant's counsel thereupon excepted.   The appellant strenuously urges that this was error for which a new trial should be granted.   The case does not show, however, that in the end the defendant was prejudiced thereby.   In his charge to the jury, the court said:

"In regard to some remark that slipped my tongue when the attorney was trying to bring out in his examination some more evidence as to plaintiff's injury, and so on, when I said, 'You have evidence of the injury sufficient for a big verdict, if the jury believes it,'—you will entirely discard that remark, and eliminate it from your minds.   I did not intend thereby to influence the jury, and do not think I did; and, if so, you will disregard this entirely.   The jury should take no intimations from the court as to the facts in the case, for you are the sole judges of those facts; and the court is only bound to instruct the jury as to the law applicable to a case, so as to enable it to reach a sound and proper conclusion."

These instructions on the part of the trial judge rendered nugatory and harmless the force and effect of the preceding remark, and cured the error, if any was made.   This question was exhaustively treated in the case of Klinker v. Third Ave. R. Co., 26 App. Div. 322, 49 N. Y. Supp. 793, which is similar to the case at bar.   The amount of the verdict rendered by the jury also indicates that the defendant was not prejudiced.

Judgment affirmed, with costs to respondent.   All concur.