BARENDSEN *v.* WILDER.

BROKERS—EVIDENCE—TRIAL—ERROR IN INDICATING TO THE JURY
    THE OPINION OF THE COURT.

> In an action for commissions, wherein the broker testified that
> he sent a purchaser to the defendant, testimony that the
> broker had, after the sale, stated to the defendant that he did
> not know the purchaser, tends to contradict the plaintiff and
> renders the charge of the court erroneous in that he indicated
> to the jury his opinion that the evidence of the plaintiff was
> undisputed.

Error to Kent; Perkins, J. Submitted June 23, 1909.
(Docket No. 100.) Decided July 15, 1909.

Assumpsit by Benjamin F. Barendsen against Edward
M. Wilder for a commission on the sale of certain real
estate. A judgment for plaintiff is reviewed by defend-
ant on writ of error. Reversed.

*Maher & Barnard,* for appellant.

*McKnight & McAllister* and *Horace L. Barnaby,* for
appellee.

BROOKE, J. Plaintiff recovered a judgment for $27.50
in justice's court for Kent county, against defendant, as a
commission upon the sale of a piece of real estate. The
defendant appealed the case to the circuit court, where a
trial by jury was had, resulting in a verdict and judgment
of no cause of action. The plaintiff then moved for a new
trial, which was granted. The third trial resulted in a
verdict for plaintiff for $27.50, upon which judgment was
entered. This judgment is now here for review.

After the trial judge had submitted the case to the jury,
and it had deliberated for some time thereon, it was
brought into court by the learned judge (apparently upon
his own motion), and the following additional charge was
given:

"*The Court:* Gentlemen, what seems to be the difficulty? Do you require any further instructions in this case?

"*The Foreman:* There has not been any asked, your honor, in any way.

"*The Court:* No further instructions have been asked?

"*The Foreman:* No; not yet.

"*The Court:* I do not see why you take such a long time in deciding it. It is a simple question. You must consider the interest of the parties, and I cannot understand why you were so long in determining this case unless it was because some of you need some further instructions.

"The facts are that this property was placed in the plaintiff's hands to sell, not exclusively, but to sell or to secure a purchaser therefor, and the simple question is whether or not this man Armstrong, who testified in behalf of the plaintiff, went to Mr. Barendsen's office in response to an advertisement, and was sent by Mr. Barendsen to the defendant's home, and was left to negotiate with the defendant for the purchase of these premises. That is all there is to it.

"The defendant testified that Armstrong, when he came to his house, told him that Mr. Barendsen had not sent him. These two ladies, the wife of the defendant and the other lady, testified to substantially the same thing. I told you that that testimony only bore upon the credibility of Armstrong's testimony. It is not substantive proof. It would be wholly inadmissible except as bearing upon the credibility of Armstrong's story. It would not make any difference to Barendsen, the plaintiff, what Mr. Armstrong might have believed Armstrong said. The question is: Did Armstrong go there under the direction of the plaintiff? That is all there is of it.

"Now, if you find any testimony in the record to the contrary of the plaintiff's assertion, why, you are at liberty to find it; but, if you cannot, then you are bound to take the testimony as it stands. You examine this evidence and find wherein or whereby there is any testimony to the effect that Armstrong did not go to Wilder's house under the direction of the plaintiff. If you find there is any such testimony, then you can consider it; but, if you find there is not any such testimony, your duty is plain.

"You may retire with the officer."

To which charge the defendant excepted. The defend-

ant assigns error upon this action of the circuit judge. The record shows that the defendant testified as follows:

"I told Mr. Barendsen before the papers were made out that the property was sold, and I showed him the $25 that I got down. I told him who I sold it to.

"Q. Did he at that time say anything about Mr. Armstrong or his wife being the customer?

"A. He said he did not know the man."

This is certainly testimony tending to contradict the plaintiff's assertion that he knew Armstrong, and had sent him to defendant's place. Its value as evidence should have been determined by the jury under proper instructions. We are of the opinion that the last paragraph of the charge above quoted must have carried the conviction to the minds of the jury that, in the opinion of the court, there was no testimony in the record contrary to the plaintiff's assertion. This was error. See *Cronkhite* v. *Dickerson*, 51 Mich. 177 (16 N. W. 371); *Letts* v. *Letts*, 91 Mich. 596 (52 N. W. 54); *Valin* v. *McKerreghan*, 104 Mich. 213 (62 N. W. 340).

Judgment reversed, with costs, and a new trial granted.

OSTRANDER, HOOKER, MOORE, and McALVAY, JJ., concurred.