No. 19,370.

THE STATE OF KANSAS, *Appellee,* v. AMOS COLE, *Appellant.*

OPINION ON REHEARING.

Appeal from Smith district court; RICHARD M. PICKLER, judge. Opinion on rehearing filed July 10, 1915. Reversal sustained. (For original opinion see 93 Kan. 819, 150 Pac. 233.)

*E. J. Blake,* of Gaylord, *F. W. Mahin,* and *I. M. Mahin,* both of Smith Center, for the appellant.

*S. M. Brewster,* attorney-general, *S. N. Hawkes,* assistant attorney-general, *W. S. Rice,* county attorney, and *E. S. Rice,* of Smith Center, for the appellee.

The opinion of the court was delivered by

WEST, J.: A reëxamination of the abstract in addition to a reading of the transcript itself discloses that Draper, who charged the defendants with stealing five of his turkeys thought he counted his flock on the 21st, for he counted them almost every day, and at noon on the 23d he missed five. Having tracked the horses to the Cole place, and there measured their hoofs, the measuring stick being produced at the trial, the shoes of the defendants were measured, but were found not to correspond to the tracks in the alfalfa field, and the stick used in such measurement was not even preserved. The prosecuting witness was able to identify only two turkeys, and some doubt might well be raised as to one of these. It is fairly well established that shortly before this some of the defendants' turkeys strayed away nearly to the Draper farm and had been brought home. The defendants showed a readiness to produce the horses for examination and to permit Draper to examine the turkeys on the place, and while they were said to have shown some nervousness this would have no bearing on the time of the alleged offense. On the night in question the defendants drove along the road by the Draper place. This is admitted. The main circumstances pointing to their guilt were the possession of the two turkeys claimed by Draper and the hoof prints found in the alfalfa field between the road and the turkey pen. The fact that the footprints were not shown to correspond at all with the shoes of the defendants makes it

impossible to say that all the circumstances point to their guilt, and while it might be said that there is as much evidence of a larceny in the night as in the daytime, the latter must be based largely upon the possession of the identified property of Draper and the hoof prints, which were measured in such a way as to leave much room for doubt as to their identity with those of the defendants' horses. It is a case of reliance upon circumstantial evidence for conviction of a felony, some of the significant circumstances being quite consistent with the theory of innocence and inconsistent with that of guilt.

One or two inaccuracies of statement in the former opinion have been pointed out, but they are not substantial, and the decision already rendered will remain the conclusion of the court.

DAWSON, J., not sitting.