No. 29,251.

THE STATE OF KANSAS, *Appellant*, v. ALBERT MAREK, *Appellee*.

(284 Pac. 424.)

Opinion filed February 8, 1930.

*William A. Smith,* attorney-general, *R. O. Mason,* assistant attorney-general, and *Kenneth H. Foust,* county attorney, for the appellant.

*F. J. Oyler* and *G. R. Gard,* both of Iola, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The defendant was tried on a charge of murder in the first degree. The trial resulted in the jury being unable to agree. The appeal is from an order of the court restricting the number of challenges to be exercised by the state to the number of four, from remarks made by the court during the examination made of one of the witnesses by the state, and from the exclusion of evidence offered by the state to show that shoes worn by the defendant at the time of his arrest, about two months after the murder, corresponded with tracks made near the scene of the crime soon after it occurred.

■ The defendant says that there is no record to show that the court restricted the state to the exercise of four peremptory challenges to jurors. The record of the trial recites:

"State exercised four challenges and defendant six; state asks for an additional challenge, but same was denied by the court."

The state in its abstract says:

"Upon the jury being called the state demanded the right to challenge six jurors. This the court refused, holding the state to be entitled in this case to challenge only four jurors, to which ruling of the court the state excepted."

The state was restricted to four peremptory challenges. It was entitled to six. (R. S. 62-1402 and 62-1403.) It was error to restrict the state to four.

■ During the examination of one of the witnesses for the state the court made remarks which probably affected the credibility of the witness in the minds of the jurors. The state objected to those remarks.

This court had occasion to pass on a kindred question in *State v. Hughes,* 33 Kan. 23, 5 Pac. 381, where this court said:

"In a criminal prosecution where the defendant lays the foundation for impeaching one of the principal witnesses for the prosecution, and afterward introduces a witness for that purpose, and the prosecution afterward introduces a witness to impeach the impeaching witness; and the court in the presence and hearing of the jury decides in effect that the impeaching witness of the defendant has sworn falsely, and that the impeaching witness for the prosecution, who was also the principal witness for the prosecution, has sworn truthfully; and upon the evidence it is not clear that the defendant is guilty of the offense charged against him, but the jury, after ten hours' deliberation, find the defendant guilty, and he is sentenced accordingly. *Held,* that the trial court committed material error in giving its opinion with regard to the credibility of the witnesses and the weight of their testimony." (Syl.)

Another case is *State v. Burwell*, 52 Kan. 686, 35 Pac. 780. There the court used the following language:

"In response to an objection made to an inquiry, the court remarked: 'It seems to me that the state could just let this witness go right along with his romance.' A remark of this kind, whether jocularly made or not, was very objectionable and, under some circumstances, might afford sufficient ground to set aside a conviction." (p. 687.)

We quote from *Walker v. Coleman*, 55 Kan. 381, 40 Pac. 640, 658, as follows:

"In the case of *Cronkhite v. Dickerson*, 51 Mich. 177, it is held that 'judges must take great care to say nothing in the hearing of the jurors, while a case is progressing, which can possibly be construed to the prejudice of either party,' and the judgment was reversed because of an unfavorable suggestion of the trial judge, the reviewing court saying, 'it is impossible to tell to what extent the defendant's rights may have been prejudiced by the remarks.' And in *Wheeler v. Wallace*, 53 Mich. 355, 356, and 361, it was decided that 'error will lie on the demeanor of the trial judge, if it be such as to prevent a fair trial, or prejudice the case upon the facts before the jury,' and that it is improper for him to reflect upon the capacity and memory of counsel to whom clients have intrusted their interests, and the judgment was reversed for this cause, among others." (p. 384.)

■ The state offered to show that tracks near the scene of the murder made at or near the time it was committed could have been made by the shoes worn by the defendant when he was arrested, about two months after the crime was committed. That evidence was excluded, to which the state took exceptions.

In *State v. Adams*, 85 Kan. 435, 116 Pac. 608, this court declared the law to be that—

"The description and measurement of tracks at the scene of the crime which correspond with the shoes worn by the defendant and introduced in evidence are competent." (Syl. ¶ 2.)

See, also, *State v. Cole*, 93 Kan. 819, 150 Pac. 233; *State v. Cole*, 96 Kan. 124, 150 Pac. 233; 16 C. J. 548; Note in 31 A. L. R. 204.

The tracks had been preserved by being covered so that they would not be disturbed. The evidence should have been admitted. The lapse of time between the time when the tracks were made and when they were compared with the shoes affected the weight of the evidence, which was for the jury to consider.

■ The defendant argues that the state has not properly reserved the questions it presents for review. There is nothing beyond objection and exception to show that the state reserved any question for review in the supreme court.

Section 62-1703 of the Revised Statutes reads:

"Appeals to the supreme court may be taken by the state in the following cases, and no other: First, upon a judgment for the defendant on quashing or setting aside an indictment or information; second, upon an order of the court arresting the judgment; third, upon a question reserved by the state."

What is a "question reserved"?

In *State v. Rook*, 61 Kan. 382, 59 Pac. 653, this court used the following language:

"While the statute (Gen. Stat. 1897, ch. 83, § 30; Gen. Stat. 1899, § 5529) gives to the state a right of appeal 'upon a question reserved by the state,' yet, what questions may be reserved by it, or what as a matter of specific definition 'a question reserved by the state' is, have never been definitely settled." (p. 385.)

A case in which this question was mentioned is *State v. Bland*, 91 Kan. 160, 136 Pac. 947, where, on page 165, the following language may be found:

"The remaining questions arise on the question reserved by the state. The decision of the trial court refusing to award judgment for the costs claimed by the state, or rather for attorney's fees to be taxed as costs, is one from which an appeal may be taken by the state. It falls within the third class provided for, namely, 'upon a question reserved by the state.' "

Other language is found in *State v. Railway Co.*, 96 Kan. 609, 152 Pac. 777, as follows:

"On the appeal by the state the point is sought to be made by the defendant that a question cannot be reserved save upon an acquittal. But section 283 of the criminal code permits appeals to be taken by the state: 'Third, upon a question reserved by the state,' and under the decisions an acquittal is not a prerequisite." (p. 628.)

Another case is *State v. Short*, 121 Kan. 233, 247 Pac. 114, where, on page 234, this court said:

"Defendant's motion to quash was overruled and he was convicted on both counts. He filed a lengthy motion for a new trial, which the trial court sustained upon the express ground that it had erroneously instructed the jury that it was unnecessary for the state to establish the fact that the sale was affected by means of advertising, circulars or prospectus. The state reserved the question and brings it here for review."

In *State v. Zimmerman*, 31 Kan. 85, 1 Pac. 257, this court said:

"Upon the trial, the state excepted to the ruling of the court relieving the prosecutor from the payment of the costs, and adjudging the county to pay the same. Therefore, for all purposes, the question presented to us was reserved by the state, and the case is appealable under the third subdivision of said section 283. Unless this subdivision authorizes appeals in such cases as

this, we cannot imagine the purpose of its incorporation in the statute. If this construction cannot be given to said subdivision, it has no force or meaning." (p. 86.)

A short statement is found in *State v. Craig*, 124 Kan. 340, 259 Pac. 802, as follows:

"Thereupon a motion to discharge the defendant was sustained; and the state reserved an exception to that ruling and the case is here for review." (p. 341.)

That was a criminal action in which the defendant was charged with arson.

Under the authority of the last two cases cited and quoted from it is held that all that is necessary for the state to do to reserve a question for presentation on appeal to the supreme court is to make proper objection or exception at the time the order complained of is made or the action objected to is taken. The state can lay the foundation for its appeal in the same manner that the defendant can lay the foundation for his appeal.

It follows that the questions presented were properly reserved by the state.

The appeal by the state is sustained.