THE STATE OF KANSAS v. CHARLES MOON.

CRIMINAL PROSECUTION—*Acquittal*—*No Appeal by The State.* In a criminal prosecution, where a jury has been impaneled and some evidence has been introduced upon the part of the state, and the state rests, and afterward asks leave of the court to introduce further evidence, and the court, without passing upon the application, concludes that the statute under which the defendant is prosecuted is unconstitutional, and orders a judgment of acquittal and discharges the jury, such judgment is conclusive, and this court cannot, on appeal by the state, set aside or reverse the judgment of acquittal.

*Appeal from Grant District Court.*

THE opinion states the case.

10—45 KAS.

*L. B. Kellogg*, attorney general, and *Wm. Easton Hutchison*, county attorney, for The State.

Opinion by GREEN, C.: The defendant in this case was charged with unlawfully permitting ninety head of cattle under his control to run at large, in Grant county, in violation of chapter 128 of the Laws of 1874, as adopted by the board of county commissioners.

A trial was had before a justice of the peace and the defendant found guilty and fined in the sum of $50, and he appealed to the district court; at the April term, 1890, of the district court a jury was impaneled and sworn to try the defendant, when counsel objected to the introduction of any evidence, because the section of the statute under which defendant was prosecuted was unconstitutional. The court, in the first instance, overruled this objection, and a number of witnesses were then called and testified in behalf of the state, and the state rested; the defendant, by his counsel, then asked the court to instruct the jury to find for the defendant, for the reason that the complaint did not charge a public offense, and that the evidence offered by the state failed to prove a crime against the defendant. Pending this motion, the state asked leave of the court to introduce other evidence, and in passing upon this application, the court held that § 2 of chapter 128 of the Laws of 1874 was unconstitutional, because it was in conflict with §§ 16 and 17 of art. 2 of the constitution, and thereupon ordered a judgment of acquittal to be entered for the defendant, and discharged the jury. The state excepted to the ruling of the court, and appealed.

We must dispose of the case without passing upon the validity of the law under which the defendant was prosecuted, for the reason that the state cannot appeal, where the defendant has been tried and acquitted; this court has no authority to set aside such a judgment. The decisions of this court in *The State v. Carmichael*, 3 Kas. 102, *City of Olathe v. Adams,*

15 id. 391, and *The State v. Crosby,* 17 id. 396, are decisive of this case.

We recommend the appeal be dismissed.

By the Court: It is so ordered.

All the Justices concurring.