Consolidated Case No. 37,440

CITY OF WICHITA, *Appellant,* v. ELLIS GEORGE STEVENS, *Appellee.*
CITY OF WICHITA, *Appellant,* v. FRANK SOLOMON, *Appellee.*
CITY OF WICHITA, *Appellant,* v. NICK S. STEVENS, *Appellee.*

(207 P. 2d 386)

Opinion filed June 11, 1949.

*Paul J. Donaldson,* of Wichita, argued the cause, and *Fred W. Aley* and *Max L. Hamilton,* also of Wichita, were with him on the briefs for the appellant.

*W. A. Kahrs,* of Wichita, argued the cause, and *Austin M. Cowan, Robert H. Nelson, Clarence N. Holeman,* and *Keith L. Wallis,* all of Wichita, were with him on the briefs for the appellees.

The opinion of the court was delivered by

ARN, J.: This is a consolidation of three cases originating in the police court of the city of Wichita. Separate complaints in police court charged all three defendants with "keeping and having possession of gambling equipment, to-wit punch boards," in violatoin of section 33 of city ordinance No. 11-592. They were convicted in police court and each of the three appealed to the district court of Sedgwick county. There the three appeals were consolidated and tried *de novo* by the court without a jury. The district court acquitted defendants Ellis George Stevens and Frank Solomon, but found Nick S. Stevens guilty of violating section 33 of city ordinance No. 11-592. The record indicates the district court determined as a matter of law with regard to all three defendants that their possession in a warehouse or wholesale house of punchboards without prize merchandise attached to them was not a violation of section 33 of city ordinance No. 11-592.

Some of the punchboards found in the possession of defendant Nick Stevens did have merchandise attached to them and this, the district court held, was a violation of the city ordinance. Such punchboards were ordered confiscated and destroyed and Nick Stevens was found guilty of violating the ordinance. Nick Stevens also had in his possession punchboards which did not have merchandise attached to them.

For the purpose of settling the legal question involved, the city attorney, on the day the journal entry of judgment was filed in the district court, made and filed an affidavit pursuant to section 13-613, G. S. 1935, stating the question reserved for decision by the supreme court as follows:

"Was the defendant in the above cause, who admittedly owned and had in his possession in a warehouse, located in the City of Wichita, Kansas, punch boards, described and introduced in evidence in the above entitled

case, to-wit: Punch boards having no merchandise or money attached thereto, guilty of a violation of Section 33 of Ordinance. No. 11-592."

Also on the same day, the city served upon defendants notices of its appeal to this court stating that the city was appealing from the district court's order and decision—

"that section 33 of Ordinance No. 11-592 of the City Ordinances of the City of Wichita does not apply to cover possession of punch boards in a warehouse or wholesale house, said punch boards being of the variety to which no merchandise is directly attached thereto."

The record before us shows the uncontroverted evidence to be that all three appellees are wholesale distributors or jobbers of tobacco, cigarettes, novelties, candy, sundries, and similar merchandise, with places of business in the city of Wichita; that police officers found a large quantity of punchboards of various sizes, types and brands at the place of business of each appellee; that none of the appellees operated the punchboards themselves, nor permitted them to be operated on their premises, but merely sold them to others over their territory comprising about one-third of the state; that they had handled punchboards for resale for twenty years and sold them as any other merchandise; that many of the punchboards taken by police were on the shelves of appellees' places of business in sealed cases—others were open and lying on the shelves; that none of the punchboards had merchandise attached to them except two boards taken from Nick Stevens' place of business and received in evidence as exhibits 4 and 5. Exhibit 4 had merchandise, such as small pen lights, a fountain pen holder and a cigarette case attached to it. The record refers to some nineteen exhibits offered by the city and at least four by these appellees. One exhibit is referred to as just a plain board with no writing or printing upon it, while exhibit 19 had printed upon it "5 cents a punch, 133 winners, 80% pay out." The writing on the back of exhibit 19 claimed for the board "a definite profit of $20.00." The writing on exhibit 1 indicated it was five cents a punch and in order to win, the number punched must conform to a number appearing upon the face of the board. Other exhibits reproduced for the record bear upon their faces the following instructions and information:

PLAINTIFF'S EXHIBIT No. 2

8″ × 12″

JACKPOT CHARLEY

170 Winners

| 25¢<br>A Play<br>$1.00 | JACK POT PAYS | 25¢<br>A Play |
|---|---|---|
| 5-15-25-35-45-55-65-75 | $25.00 | 10-20-30-40-50-60-70 |
| 85-95-105-115-125-135 | or | 80-90-100-110-120-130 |
| 145-155-165-175-185-195 | $5.00 | 140-150-160-170-180 |
| 205-215-225-235-245-255 | 13-113-213 | 190-200-210-220-230 |
| 265-275-285-295-305-315 | 313-413-513 | 240-250-260-270-280 |
| 325-335-345-355-365-375 | Each Receive | 290-300-310-320-330 |
| 385-395-405-415-425-435 | | 340-350-360-370-380 |
| 445-455-465-475-485-495 | | 390-400-410-420-430 |
| 505-515-525-535-545-555 | | 440-450-460-470-480 |
| 565-575-585-595-605-615 | Punch in | 490-500-510-520-530 |
| 625-635-645-655-665-675 | Jackpot | 540-550-560-570-580 |
| 685-695-705-715-725-735 | | 590-600-610-620-630 |
| 745-755-765-775-785-795 | | 640-650-660-670-680 |
| 805-815 | | 690-700-710-720-730 |
| (On the back it says) | Punches | 740-750-760-770-780 |
| "Your Punch<br>Here" | | 790-800-810-820 |

PLAINTIFF'S EXHIBIT No. 9

8″ × 12″

Picture

Cigarette Sale     1¢

Number   100 Receives 60 Cigarettes
Numbers 200-400 Each receive 40 Cigarettes
Numbers 50-75-150-175-250-275-350-375
450-475-550-575-650-675-750-775
850 Each receive 20 Cigarettes
Last sale in each section receives 20 Cigarettes

Punches

PLAINTIFF'S EXHIBIT No. 12

10″ × 4″

Bucks
&
Quarter Bucks

| 5¢ | Numbers | Nos. 260-270-280 |
|---|---|---|
| Nos. 10-20 | 100-200 | 290-310-320-330-340 |
| 30-40-50 | 300-400 | 350-360-370-380-390 |
| 60-70-80 | 500 | 410-420-430-440-450 |
| 90-110 | Each Receive | 460-470-480-490 |
| 120-130 | $1.00 | Each Receive |
| 140-150 | | 25¢ |
| 160-170 | | |
| 180-190 | | |
| 210-220 | | |
| 230-240 | | |
| 250 | | |
| Each Receive | | |
| 25¢ | | |

Punches

Last Hole on Board Receives $1.00

There being no dispute as to the facts narrated above, there was before the trial court only the question of law as to whether possession in a warehouse of the punchboards introduced in evidence and having no merchandise attached to them was a violation of the city ordinance. Before considering this question which the city has reserved for determination by this court, we are presented with the preliminary question as to whether this appeal should be dismissed because of appellant's neglect to set forth in the abstract formal specifications of error in accordance with Rule 5 of this court. The obvious purpose of Rule 5 is to advise this court and the appellees of the specific issue to be considered upon appeal. There was no formal compliance with this rule by appellant, but we have been lenient in this respect particularly where the record discloses that only a single issue is involved and where appellees could not have been misled by such omission. The city, in an affidavit by the city attorney and in the notices of appeal appearing in the abstract, specified a single question of law for consideration by this court. It could be argued that this affidavit reserving a single question and the reference to it in the notices of appeal does make a specific assignment of error of the very question which is briefed and argued by both parties. Under these circumstances, we will again indulge an attitude of leniency in this respect and will consider the appeal upon its merits.

We come now to the question as to whether section 33 of city ordinance No. 11-592 prohibiting the possession of punchboards is violated by persons engaged in a wholesale business who stock such punchboards as wholesale merchandise and have them on the shelves of their warehouses solely for resale. The city ordinance provides:

"Any person who shall set up or keep or have in his possession in any public *or private place* in The City of Wichita any *'punch board'* or 'slot machine' *or other gambling device,* devised or designed for. the purpose of playing any game of chance for money or property, including 'punch boards,' 'slot machines' or any other gambling device wherein money or goods are received with every punch board, but the amount to be paid depends upon the number punched, played or drawn, or where a capital prize or any additional prize may be received or where tokens are received, or any person who shall induce, entice or permit any person to bet or wager or pay money upon any such 'punch board,' 'slot machine' or any other gambling device or devices as above described, shall be deemed guilty of a misdemeanor and upon conviction shall be punished by a fine of not less than One Hundred ($100.00) Dollars nor more than Three Hundred ($300.00) Dollars or by im-

prisonment in the City Jail for not less than thirty days nor more than one year, or by both such fine and imprisonment." (Emphasis supplied).

We have difficulty in concluding, as was concluded by the trial court, that the merchandise being attached to the punchboards makes them any more objectionable under the ordinance than without it. Punchboards such as those involved here are gambling devices, whether or not there is attached to them merchandise, money or prizes. Punchboards without such thing of value attached are punchboards none the less. They have no use or purpose other than for gambling, and recognizing this, the city enacted an ordinance making their possession unlawful. A gambling device is any instrument adapted and designed to play any game of chance for money or property. (*Boynton v. Ellis* [10th CCA] 57 F. 2d 665.) Under its police powers the city had authority to prohibit the possession of punchboards just as it had authority to prohibit the possession of slot machines. Both such devices are prohibited by section 33 of city ordinance No. 11-592, and this identical ordinance was held constitutional in *Clemons v. Wilson*, 151 Kan. 250, 98 P. 2d 423, which involved the possession of slot machines. Neither does the ordinance make any distinction between punchboards located in a warehouse or wholesale house and those under or upon the counters of retail stores or shops. Their possession in *any public or private place* is made unlawful. The city ordinance in question should have been construed to prohibit the possession of punchboards with or without merchandise or prizes attached, and whether located in warehouses, wholesale houses or any other place.

Appellees say "the case at bar is one of fact and not one of law." But the ordinance under consideration prohibits punchboards, slot machines, and other gambling devices. Under such an ordinance there was no occasion to determine as a question of fact whether punchboards were or were not gambling devices. In any event they were an instrument which the city determined was detrimental to the peace and welfare of the city, and within its police power the city may prohibit possession of them. We said earlier in this opinion that they were gambling devices—and by that description the ordinance further prohibits possession. The question here is one of law to construe and apply the plain language of a city ordinance.

Having been prosecuted and acquitted, appellees say that they have been in jeopardy and cannot be tried again, and that any

order now made by this court would be moot insofar as they are concerned. Be that as it may, there is now before this court a question of law properly reserved by the city attorney pursuant to section 13-613, G. S. 1935. In *State v. Reed,* 145 Kan. 459, 65 P. 2d 1083, section 62-1703, G. S. 1935, was involved and the third ground for appeal by the state provided for in that section is quite like the third ground of section 13-613. There the defendants were acquitted of violating the motor carrier act and the state appealed upon a question of law properly reserved under section 62-1703, G. S. 1935. This court considered the appeal upon its merits and did no more than sustain the state's appeal. In doing so, we said:

"The state brings the case here on questions reserved as permitted by statute, G. S. 1935, 62-1703, and in accordance with well-established precedents (citing cases). (p. 460.)

"This right of the state to reserve questions for appellate review is an important one, frequently transcending what may be involved in the particular instance giving rise to those questions." (p. 461.)

The statutory right of appeal conferred upon the state, or a city, is to aid in the uniform administration of justice. But for these statutory rights of appeal, penal statutes and ordinances might be properly interpreted in some jurisdictions and in others they might be judicially nullified by erroneous interpretations. The city properly reserved for appeal to this court the question of whether the trial court erroneously interpreted the city ordinance. As we have stated above, the court below erred in holding that the ordinance in question did not prohibit the possession of punchboards without merchandise, money or prizes attached thereto. The appeal by the city of Wichita on the question reserved is sustained. It is so ordered.