STATE OF DELAWARE v. DELAWARE NOVELTY HOUSE, INC., a Delaware Corporation.

(*May 27*, 1950.)

CAREY, J., sitting.

*Daniel J. Layton, Jr.,* Deputy Attorney-General, for the State.

*Daniel L. Herrmann* and *Donald W. Booker* for the defendant.

Court of General Sessions for Sussex County, No. 9, February Term, 1950.

CAREY, J.:

The defendant contends that (1) our statute does not prohibit the distribution of punch boards and (2) that the present indictment is bad in that it is vague and uncertain.

As to the first point, I do not understand the defendant seriously to contend that punch boards are not gambling devices. See *City of Wichita* v. *Stevens,* 167 *Kan.* 408, 207 *P.* 2d 386; *People* v. *Lippert,* 304 *Mich.* 685, 8 *N. W.* 2d 880. Its contention is simply that the Legislature, in adopting Code Section 4058, has not made the sale or distribution of punch boards illegal. This argument is based upon the fact that the Legislature has specifically named certain devices which are totally unlike punch boards and, applying the doctrine of ejusdem generis, the defendant reasons that the act is intended to apply only to devices similar to those expressly enumerated.

■ ■   I cannot agree with defendant's argument. It is true that the Legislature enumerated certain devices which do not resemble punch boards; it is likewise true that this enumeration is followed by the words "other device under any denomination"; yet the act includes something more by the use of the words "or other gambling device of any kind whatsoever." The doctrine of ejusdem generis has no application where there is a clear intent manifested that the general term be given a broader meaning than the enumerated class. 2 Sutherland Statutory Construction, 3d Ed., Sec. 4910. The present statute expressly mentions gambling devices of any kind whatsoever. The words used negative any intent to limit its operation to devices similar to those specifically mentioned.

■   True, the words "other gambling device of any kind whatsoever" are found in that part of the statute which prohibits keeping or exhibiting such devices. Nevertheless, in the clause which prohibits their distribution, the words "such table, bank, sweat cloth, or other gambling device" clearly refer back to the first enumeration and cover everything therein included.

■ ■   I agree with the defendant's second contention. The indictment does not meet the requirements laid down in numerous Delaware cases which hold that the offense must be described with such particularity as will inform the defendant what he will be called upon to meet at the trial and as will prevent a subsequent prosecution based upon the same facts. *State* v. *Morrow,* 1 *Terry* 363, 10 *A.* 2d 530; *State* v. *Adair,* 4 *W. W. Harr.* 585, 156 *A.* 358; *State* v. *Caruso,* 3 *Terry* 310, 32 *A.* 2d 771. The present indictment charges that the distribution of a punch board occurred on a certain date in Cedar Creek Hundred. Conceivably, the defendant may have distributed a number of punch boards in that Hundred on that date to various individuals. Assuming this state of facts, the record would be insufficient to guard against double jeopardy. For this reason the motion to quash will be granted.