No. 44,899

THE STATE OF KANSAS, *Appellant,* v. COLIN D. GLAZE, *Appellee.*

(436 P. 2d 377)

Opinion filed January 27, 1968.

*A. J. Focht,* deputy county attorney, argued the cause, and *Robert C. Londerholm,* attorney general, and *Keith Sanborn,* county attorney, were with him on the brief for the appellant.

No appearance for appellee.

The opinion of the Court was delivered by

HARMAN, C.: The state, by way of questions reserved, seeks review of approximately twenty adverse rulings in a jury trial.

The defendant was charged with the crimes of first degree murder and attempted first degree murder in connection with the killing of his wife's paramour and the wounding of the wife. He was convicted of the offenses of third degree manslaughter and attempted third degree manslaughter and sentenced accordingly.

Retrial of defendant may not be had and any ruling we might make would not affect him (*State v. Logan,* 198 Kan. 211, 424 P. 2d 565).

K. S. A. 62-1703 provides in pertinent part:

"Appeals to the supreme court may be taken by the state in the following cases, and no other: . . . *third,* upon a question reserved by the state."

It is not the function of this statute to provide a means whereby the state may comb the record of trial in a criminal prosecution and

have appellate review of every conceivable adverse ruling. Reserved questions will not be entertained merely to demonstrate whether or not error has been committed by the trial court in its rulings adverse to the state.

In *City of Wichita v. Stevens,* 167 Kan. 408, 207 P. 2d 386, it was said:

"The statutory right of appeal conferred upon the state, or a city, is to aid in the uniform administration of justice." (p. 414.)

The practice of appealing upon questions reserved by the state has been used somewhat sparingly so there are a limited number of cases on the subject. After examining them, we conclude that, with slight exception, the foregoing principle of scope and purpose has generally been adhered to. We shall not attempt an exhaustive review of those cases for, in any event, we consider the principle sound. Generally, the appeals have been on questions of statewide interest, important to the correct and uniform administration of the criminal law; see, for example, *State v. Bland,* 91 Kan. 160, 136 Pac. 947, (allowance of fees to prosecuting attorneys for convictions obtained for prohibitory liquor law violations); *State v. Railway Co.,* 96 Kan. 609, 152 Pac. 777, (interpretation of statute regulating carriers in the shipment of intoxicating liquor); *State v. Short,* 121 Kan. 233, 247 Pac. 114, (interpretation of "blue sky" legislation); *State v. Reed,* 145 Kan. 459, 65 P. 2d 1083, (interpretation of statutes governing operation of motor vehicles for hire); *City of Wichita v. Stevens,* supra, (interpretation of laws applicable to punchboards without merchandise or prizes attached); and, recently, *State v. Logan,* supra, (interpretation of liquor control act).

Others could be cited but in the main the decisions have been of such nature as to be of general benefit to the bench and bar or to serve as a guide in future trials likely to arise again.

We have examined the questions reserved in the instant case in the light of the record of trial. Generally they concern exclusionary rulings on evidence, the giving of instructions and refusal to give requested instructions. One involves a testimonial privilege claimed but later abandoned by a witness. In some instances the questions relate peculiarly to the particular facts shown in the evidence and thus would be of little or no value as precedent; others involve principles of law now well established by case law so no new ruling would be announced, and, as indicated, one evidentiary question became moot.

We believe the questions are not so vital to the correct and uniform administration of the criminal law that they should be entertained upon appellate review; accordingly the appeal is dismissed.

APPROVED BY THE COURT.