No. 46,810

STATE OF KANSAS, *Appellant,* v. LARRY W. KOPF, *Appellee.*

(508 P. 2d 847)

Opinion filed April 7, 1973.

*Keith Sanborn,* County Attorney, argued the cause, and *Vern Miller,* Attorney General, and *Keith I. Motley* and *John Price,* both Deputy County Attorneys, were with him on the brief for the appellant.

No appearance by appellee.

The opinion of the court was delivered by

KAUL, J.: In this appeal pursuant to K. S. A. 1972 Supp. 22-3602 (formerly K. S. A. 62-1703) the state, by way of questions reserved, seeks review of five adverse rulings in a jury trial.

The defendant was charged in an information containing five counts; namely, three counts of murder in the first degree, one count of assault with intent to kill, and one count of aggravated escape. Defendant was found guilty of aggravated escape and not guilty by reason of insanity on the other four counts.

Defendant cannot be retried and any ruling we might make would not affect him. (*State v. Logan,* 198 Kan. 211, 424 P. 2d 565; and *State v. Glaze,* 200 Kan. 324, 436 P. 2d 377.)

Provision for appeal by the state upon a question reserved under 22-3602 is essentially the same as that appearing in the predecessor statute (62-1703). In the recent case of *State v. Glaze,* supra, we spoke of the purpose of the statute in these words:

"It is not the function of this statute to provide a means whereby the state may comb the record of trial in a criminal prosecution and have appellate review of every conceivable adverse ruling. Reserved questions will not be entertained merely to demonstrate whether or not error has been committed by the trial court in its rulings adverse to the state." (pp. 324, 325.)

Further in the opinion we pointed out that generally the appeals, by way of questions reserved, involve questions of statewide interest and usually deal with the interpretation of statutes. (See cases

cited and statutes involved on page 325 of *State v. Glaze,* supra.)

In the instant case three of the questions presented concern the trial court's refusal to submit requested instructions, one deals with the refusal to allow rebuttal testimony and the fifth challenges the alleged undue limitation of the state's cross-examination of defendant's expert witness. None of the questions involves interpretation of a statute, or a matter of statewide interest, and each arises in a framework of the particular facts developed by the evidence. Hence, resolution of the questions would be of little or no value for precedent.

Under the circumstances related, we do not believe the questions should be entertained upon appelate review; accordingly the appeal is dismissed.