No. 47,047

STATE OF KANSAS, *Appellant,* v. JACK D. GUSTIN, *Appellee.*

(510 P. 2d 1290)

Opinion filed June 9, 1973.

*J. Stewart McWilliams,* assistant district attorney, argued the cause, and *Margaret W. Jordan,* district attorney, and *Vern Miller,* attorney general, were with him on the brief for the appellant.

*Harlan L. Long,* of Shawnee Mission, argued the cause and was on the brief for the appellee.

The opinion of the court was delivered by

OWSLEY, J.: This is a criminal appeal by the state asking this court to reverse a judgment of acquittal, reinstate the jury verdict

of guilty, and order the trial court to consider defendant's motion for new trial. The issue involves an interpretation of K. S. A. 1972 Supp. 22-3419. The state also claims the trial court erred in giving Instruction No. 1, generally referred to as the "do what you think is fair" instruction. Both issues are of general importance to the administration of criminal justice in this state. We will treat the two points as questions reserved on appeal perfected by the state under the provisions of K. S. A. 1972 Supp. 22-3602 ( c ).

Defendant Jack D. Gustin was a subcontractor of the Garney Construction Company on a sewer project in Johnson County, Kansas, in the area of 68th Street and Halsey Lane. On November 3, 1971, Garney foreman, Joe Lewis, reported the company's only Gardner-Denver 150 air compressor missing from 6809 Halsey Lane where it was parked near the job site. After checking with the contractor's employees at the office and other construction sites, Lewis determined it had been stolen. Terry Deister, equipment manager for Garney, located the missing air compressor six months later on April 25, 1972, at Gravois Mills, Missouri. Identification was made by comparing with company records a secret number placed on the air compressor by Garney Construction Company.

The air compressor was in possession of Larry Wittrock and he was the principal witness. Wittrock worked at a marina located on the Gravois Arm of Lake of the Ozarks. Defendant patronized the marina and Wittrock testified he had known him for about four years prior to the trial. Wittrock testified that in early November, 1971, he expressed to defendant his desire to purchase a used air compressor for use in sandblasting, and defendant agreed to "keep his eyes open" for one. In the latter part of November, 1971, defendant telephoned and convinced Wittrock that a used model 150 which he had found was a bargain at $400.00 even though larger than he needed. Wittrock testified he asked if it was stolen and defendant said it was not. Defendant brought the Gardner-Denver 150 to Gravois Mills and Wittrock paid defendant $400.00 in cash for it as requested. Wittrock had lost the receipt for the cash purchase along with other papers when his car overturned in a creek. He repainted the air compressor. According to his testimony, it was valued between two and three thousand dollars. Even though he owned it and had $400.00 invested in it, he allowed Deister, accompanied by the Morgan County, Missouri, sheriff to take it to Kansas City in April, 1972.

Wittrock failed to appear at the first scheduled preliminary hear-

ing, later testifying he had car trouble and could not get there. He appeared to testify June 29, 1972, at the second scheduled preliminary hearing at which Gustin was charged with theft in violation of K. S. A. 1971 Supp. 21-3701. Trial was set for August 24, 1972, but it was necessary to continue it the day trial was to begin because Wittrock did not appear. He later testified he had been on vacation and had not received the mailed notice until after the trial date.

The rescheduled jury trial began September 18, 1972. The state presented evidence and rested, at which point defendant moved for a judgment of acquittal pursuant to K. S. A. 1972 Supp. 22-3419 (1), which motion was overruled. Court recessed until the next day. On the morning of September 19, 1972, during conference in chambers, the court, having been informed the defendant would not present any evidence, considered the motion for judgment of acquittal and took it under advisement.

Court and counsel then proceeded to review the proposed instructions. The court proposed the "do what you think is fair" instruction as Instruction No. 1, acknowledging that it embodied the essentials of PIK Criminal 51.03. The objection of the state was overruled and the state reserved the question of its propriety for appeal. The instruction has been disapproved for use in Kansas. (*State v. McClanahan*, 212 Kan. 208, 510 P. 2d 153.) We need not extend this opinion by additional discussion in view of what was said in *McClanahan*.

The jury returned a guilty verdict. Defendant requested a hearing on his oral motion for a new trial. The trial court refused to consider the motion for new trial by defendant and instead took up the motion for judgment of acquittal, still under advisement, with the following comment:

". . . The Court feels conscience bound to at this time set aside the verdict of this jury, sustain the motion for judgment of acquittal and discharge this Defendant.

. . . . . . . . . . . . .

"The Court is clear that there is not evidence sufficient to result in a conviction of this Defendant."

On November 1, 1972, during a hearing on defendant's motion for new trial, the court again commented on its reasons for sustaining the motion for judgment of acquittal:

". . . The Court would adopt this position. First of all, the question on appeal appears to be a narrow one on whether or not the Court has the power to weigh evidence as to credibility in sustaining a judgment of acquittal subsequent to a jury returning a guilty verdict. I think everyone would concede that

given its most favorable import the evidence was sufficient to convict the Defendant . . . As of now the motion for new trial appears to be a frivolous motion of the Defendant, not having suffered a conviction."

The state asserts the trial court abused its discretion in granting the judgment of acquittal based upon the weight of the evidence and credibility of witnesses' testimony.

K. S. A. 1972 Supp. 22-3419, effective July 1, 1970, reads as follows:

"(1) The court on motion of a defendant or on its own motion shall order the entry of judgment of acquittal of one or more crimes charged in the complaint, indictment or information after the evidence on either side is closed if the evidence is insufficient to sustain a conviction of such crime or crimes. If a defendant's motion for judgment of acquittal at the close of the evidence offered by the prosecution is not granted, the defendant may offer evidence without having reserved the right.

"(2) If a motion for judgment of acquittal is made at the close of all the evidence, the court may reserve decision on the motion, submit the case to the jury and decide the motion either before the jury returns a verdict or after it returns a verdict of guilty or is discharged without having returned a verdict.

"(3) If the jury returns a verdict of guilty or is discharged without having returned a verdict, a motion for judgment of acquittal may be made or renewed within seven days after the jury is discharged or within such further time as the court may fix during the seven-day period. If a verdict of guilty is returned the court may on such motion set aside the verdict and enter judgment of acquittal. It shall not be necessary to the making of such a motion that a similar motion has been made prior to the submission of the case to the jury."

This statute has no prior source in Kansas statutes, but it is substantially like Rule 29 of the Federal Rules of Criminal Procedure (18 U. S. C. A.). The limit of the trial court's authority to set aside a jury verdict of guilty and sustain a motion for judgment of acquittal as provided in K. S. A. 1972 Supp. 22-3419 (3) has not previously been before this court. We conclude it is a question of general application and importance to the administration of criminal justice in this state and deserves our attention as a state reserved question.

There is only one standard by which a judge is to be guided in passing on a motion for judgment of acquittal, whether moved at the close of the state's evidence, at close of all evidence, or after discharge of the jury. The trial judge should direct acquittal if the evidence is insufficient to sustain a conviction. There is little guidance for trial judges in Kansas case law as to what constitutes sufficient evidence to sustain a conviction. In *State v. Dill*, 182 Kan. 174, 319 P. 2d 172, the standard for determining sufficiency was stated:

". . . If from all of the facts and circumstances disclosed by the evidence the jury might have reasonably drawn an inference of guilt, defendant's motion for discharge was then properly overruled and the verdict of guilty will not be disturbed. . . ." (p. 175.)

Since the present statute providing for judgment of acquittal is essentially the same as the federal rule, federal standards for judging sufficiency or insufficiency of evidence in ruling on a motion for judgment of acquittal are applicable. *United States v. Taylor*, 464 F. 2d 240, (2nd Cir. 1972), states the rule in this manner:

". . . [A] trial judge, in passing upon a motion for directed verdict of acquittal, must determine whether upon the evidence, giving full play to the right of the jury to determine credibility, weigh the evidence, and draw justifiable inferences of fact, a reasonable mind might fairly conclude guilt beyond a reasonable doubt. If he concludes that upon the evidence there must be such a doubt in a reasonable mind, he must grant the motion; or, to state it another way, if there is no evidence upon which a reasonable mind might fairly conlude guilt beyond a reasonable doubt, the motion must be granted. If he concludes that either of the two results, a reasonable doubt or no reasonable doubt, is fairly possible, he must let the jury decide the matter." (p. 243.)

It is not for the judge, ruling on a motion for judgment of acquittal, to assess the credibility of witnesses, weigh the evidence, or draw inferences of fact from the evidence. These are functions of the jury.

It makes no difference in the outcome of this appeal whether the trial court based its decision to sustain the motion for judgment of acquittal upon the correct ground, insufficient evidence; or upon a wrong reason, weight of the evidence and credibility of the witness. Defendant cannot be retried and any ruling we make on the state reserved question does not affect him. (*State v. Glaze*, 200 Kan. 324, 436 P. 2d 377; *State v. Kopf*, 211 Kan. 848, 508 P. 2d 847.)

The United States Supreme Court has held that the fifth amendment guaranty against double jeopardy is enforceable against the states through the fourteenth amendment (*Benton v. Maryland*, 395 U. S. 784, 23 L. Ed. 2d 707, 89 S. Ct. 2056); and federal standards govern the concept of double jeopardy (*North Carolina v. Pearce*, 395 U. S. 711, 23 L. Ed. 2d 656, 89 S. Ct. 2072). A judgment of acquittal, whether resulting from a jury verdict or ordered by the court, correctly or incorrectly arrived at, terminates the prosecution; and the double jeopardy clause of the fifth amendment bars further proceedings against the defendant for the same offense. (*Fong Foo v. United States*, 369 U. S. 141, 7 L. Ed. 2d 629, 82 S. Ct. 671.) If the trial court grants a motion for acquittal, even after a verdict

finding defendant guilty, the order is final and not appealable by the state. Appellate review of the decision after acquittal would constitute double jeopardy. (*Kepner v. United States*, 195 U. S. 100, 49 L. Ed. 114, 24 S. Ct. 797.)

The state relies on *United States v. Weinstein*, 452 F. 2d 704 (2nd Cir. 1971), cert. den. 406 U. S. 917, 32 L. Ed. 2d 116, 92 S. Ct. 1766, as authority to reverse the judgment of acquittal, reinstate the jury verdict of guilty, and order the trial court to hear defendant's motion for new trial. *Weinstein* is an action in mandamus to require a district judge to vacate an order dismissing an indictment after entering a judgment of conviction. The petition was granted and the case returned to the trial court to hear the motion for a new trial. We do not consider *Weinstein* precedent for allowing the state to appeal from a judgment of acquittal entered before a judgment of conviction. Section 10 of the Kansas Bill of Rights provides no person shall be twice put in jeopardy for the same offense. State standards for safeguarding this constitutional right may conceivably become more exacting than federal standards if *Weinstein* is accepted as precedent for allowing government appeals and reversals of acquittals ordered by the court. In a similar situation in which the court ordered judgment of acquittal without submitting the case to the jury, we held:

"In a criminal prosecution, where a jury has been impaneled and some evidence has been introduced upon the part of the state, and the state rests, and afterward asks leave of the court to introduce further evidence, and the court, without passing upon the application, concludes that the statute under which the defendant is prosecuted is unconstitutional, and orders a judgment of acquittal and discharges the jury, such judgment is conclusive, and this court cannot, on appeal by the state, set aside or reverse the judgment of acquittal." (*State v. Moon*, 45 Kan. 145, 25 Pac. 614 [Syl.].)

We point out the basic law prohibiting double jeopardy because of the apparent uncertainty of both parties and the trial court as to the power of this court to reverse a judgment of acquittal. There is no necessity for a ruling on defendant's motion for new trial within the 45-day statutory time limit for such motions (K. S. A. 1972 Supp. 22-3501), because there is no need to protect defendant's right to a new trial after a judgment of acquittal. This court cannot reverse a trial court's judgment of acquittal. Unlike the civil litigant, whose motion for directed verdict, sustained by trial court contrary to a jury verdict, is reversed, and the jury verdict reinstated on appeal (K. S. A. 60-250), the acquitted criminal de-

fendant need not protect against reversal of acquittal on appeal or reinstatement of the jury verdict of guilty. Therefore, the acquitted defendant need not move in the alternative for a new trial. The rules of civil procedure cannot be invoked to allow an appellate court to reinstate a jury verdict of guilty once there has been an acquittal even though K. S. A. 1972 Supp. 22-3606 provides statutes and rules governing civil appeals shall apply to criminal appeals.

The necessity for dual motions for directed verdict and for a new trial to protect an appellee's right to a new trial arises only in civil appeals. (*Striplin v. Kansas Gas & Electric Co.,* 204 Kan. 324, 461 P. 2d 825.) The trial court is correct in its ruling in this case that defendant's motion for a new trial is frivolous, defendant having been acquitted. If a criminal defendant's motion for judgment of acquittal is granted after a jury verdict of guilty, there is no appeal by the state and no need for an alternative or accompanying motion for new trial by defendant. If defendant's motion for judgment of acquittal is denied, defendant should move for a new trial. If motion for new trial is granted, there is no appeal by either state or defendant since that is not a final order. If defendant's motion for new trial is denied, defendant may then appeal.

A judgment of acquittal entered by the trial court after a jury verdict of guilty cannot be set aside upon appeal even though the basis for it may be erroneous. For this reason the state's appeal is dismissed.

The state's objection to the so-called "do what you think is fair" instruction is well founded as previously discussed, and that instruction has been disapproved. The state's appeal on that issue is sustained.

Dismissed in part and sustained in part.