No. 49,727

STATE OF KANSAS, *Appellant,* v. DENISE LUCILLE CROZIER, *Appellee.*

(587 P.2d 331)

Opinion filed December 9, 1978.

*Larry McClain* and *Susan Ellmaker,* assistant district attorneys, argued the cause, and *Curt T. Schneider,* attorney general, and *Dennis W. Moore,* district attorney, were with them on the briefs for the appellant.

*James M. Sheeley,* of Maurin and Sheeley, of Kansas City, argued the cause and was on the brief for the appellee.

The opinion of the court was delivered by

PRAGER, J.: This is an appeal by the state from the judgment of the district court which, after a verdict of guilty, granted defendant's motion for acquittal, set aside the verdict of guilty, and discharged the defendant.

The defendant, Denise Lucille Crozier, was charged in the information and tried for the offense of conspiracy to commit murder in the first degree (K.S.A. 21-3302 and K.S.A. 21-3401). The evidence, which was not disputed, showed that prior to November 6, 1976, the defendant discussed with J. W. Edwards and Jimmy Westfall her desire to have her husband, Dale Crozier, killed. It was her intent that the two men murder him for money. The defendant paid money to Edwards to carry out the murder. Edwards paid a portion of this money to Westfall. On November 6, 1976, the defendant met Westfall at a service station in Kansas

City, Missouri, and transported Westfall in her vehicle to her home in Johnson County so that Westfall could kill her husband. Upon their arrival at her home, the defendant provided Westfall with a gun and shells to shoot her husband. Thereafter, the defendant left the home believing that Westfall would proceed to kill her husband upon his arrival home. A short time later, Westfall left the defendant's home without attempting to kill the defendant's husband. At the trial, Edwards and Westfall each testified that at no time did he intend to murder Dale Crozier, nor did he ever intend to help the defendant murder Dale Crozier. On May 6, 1977, Westfall entered a plea of guilty to the crime of theft by deception based upon his taking money from the defendant without having any intention to murder her husband. On April 19, 1977, J. W. Edwards likewise entered a plea of guilty to the crime of theft by deception based upon his taking money from the defendant without having any intention to murder her husband. At the trial, the only defense presented on behalf of the defendant, Denise Crozier, was that there was never in existence an agreement between the defendant and Edwards, Westfall, or any other person to commit the crime of murder since there was never a meeting of the minds.

The trial court let the case go to the jury, which brought in a verdict of guilty as charged. Following the guilty verdict, the trial court sustained the defendant's motion for a judgment of acquittal. The basis of the trial court's ruling was that there was insufficient evidence to support a finding that an agreement actually existed between the defendant and any other person to commit the crime of murder in the first degree. The district court's decision was in the following language:

"[T]he defendant's Motion for Judgment of Acquittal Notwithstanding the Jury's Verdict is hereby granted.

"IT IS, THEREFORE, BY THE COURT ORDERED that the verdict of the jury finding the defendant guilty of conspiracy to commit first degree murder be, and the same is hereby, set aside and vacated. Defendant is discharged. Costs assessed against the plaintiff."

From this judgment the state appealed to this court pursuant to K.S.A. 1977 Supp. 22-3602(b), which provides as follows:

"22-3602. **Appeals by defendant, when; appeals by prosecution; transfers to supreme court. . . .**

"(b) Appeals to the supreme court may be taken by the prosecution from cases before a district judge or associate district judge as a matter of right in the following cases, and no others:

"(1) From an order dismissing a complaint, information or indictment;

"(2) From an order arresting judgment;

"(3) Upon a question reserved by the prosecution."

On this appeal, the state requests this court to reverse the judgment of acquittal and to reinstate the verdict of guilty.

The defendant challenges the jurisdiction of the supreme court to hear the appeal for the reason that, under 22-3602(*b*), the state does not have the right to appeal an order of the district court granting a motion for acquittal. We have concluded that the contention of the defendant is correct and that under K.S.A. 1977 Supp. 22-3602(*b*) the appeal must be dismissed since the state does not have the right to appeal from a judgment of acquittal entered by the trial court. That is exactly what this court held in *State v. Gustin,* 212 Kan. 475, 510 P.2d 1290 (1973). It has long been the law of this state that the right to appeal is statutory and, in the absence of a statute which authorizes an appeal, an appeal is not available to the losing party in the district court. *In re Waterman,* 212 Kan. 826, 512 P.2d 466 (1973). K.S.A. 1977 Supp. 22-3602(*b*) clearly states that appeals to the supreme court may be taken by the prosecution as a matter of right after a final judgment in district court only in three situations *and no others.* Subsection (*b*) (1) authorizes an appeal by the prosecution from an order dismissing a complaint, information, or indictment. A motion to dismiss is provided for in K.S.A. 22-3208 (1), which declares, in substance, that, with the exception of the pleas of not guilty, guilty, or *nolo contendere,* all other pleas, demurrers, and motions to quash are abolished, and defenses and objections raised *before trial* shall be raised only by a motion to dismiss or to grant appropriate relief. K.S.A. 22-3208(4) provides that a motion to dismiss shall be made at any time *prior to arraignment or within 20 days after the plea is entered,* subject to enlargement of time by the court.

K.S.A. 1977 Supp. 22-3602(*b*)(2) authorizes the prosecution to take an appeal from an order of the district court arresting judgment. K.S.A. 22-3502 provides that a motion for arrest of judgment shall be made within ten days after the verdict or finding of guilty or after a plea of guilty or *nolo contendere* or within such further time as the court may fix during the ten-day period. It is important to note that a motion for arrest of judgment may be made only after it has been determined that the defendant

is guilty of the offense, either by verdict or by plea. Under 22-3502 there are only two grounds for a motion for arrest of judgment: (1) If the complaint, information, or indictment does not charge a crime, or (2) if the trial court was without jurisdiction of the crime charged. The motion for arrest of judgment is, by its very nature, a postverdict motion. The motion has long been a part of the criminal procedure in Kansas, going back to the beginning of statehood. Prior to the adoption of the new code of criminal procedure in 1970, provisions for arrest of judgment were contained in G.S. 1949, 62-1605, 1606, and 1607. Under those statutes, this court held that a motion for arrest of judgment raises only two issues: (1) Whether the trial court has jurisdiction, and (2) whether the information states a public offense. *State v. Ford,* 117 Kan. 735, 232 Pac. 1023 (1925); *State v. Yargus,* 112 Kan. 450, 211 Pac. 121 (1922). The general rule in this state and in other jurisdictions is that a judgment cannot be arrested on the grounds that the evidence offered does not support the charge made against the defendant. See *State v. McCool,* 34 Kan. 617, 9 Pac. 745 (1886), and the many cases from other jurisdictions cited in the annotation at 131 A.L.R. 187 at page 188. The rule followed in Kansas has been that the granting of a motion for arrest of judgment does not operate as an acquittal of the charges made; it only places the defendant in the situation in which he was before the prosecution was begun. *State v. Stephenson,* 69 Kan. 405, 409, 76 Pac. 905 (1904).

The third situation where the prosecution is afforded an appeal after final judgment in a criminal case is upon a question reserved by the prosecution provided for in K.S.A. 1977 Supp. 22-3602(*b*)(3). It has been held that a question reserved must be one which calls for an answer which will aid in the correct and uniform administration of the criminal law. *State v. Glaze,* 200 Kan. 324, 436 P.2d 377 (1968). A question reserved by the state will not be entertained on appeal merely to demonstrate errors of a trial court in rulings adverse to the state. *State v. V.F.W. Post No. 3722,* 215 Kan. 693, 695, 527 P.2d 1020 (1974); *State v. Chittenden,* 212 Kan. 178, 510 P.2d 152 (1973). No formal procedural steps are required by K.S.A. 1977 Supp. 22-3602(*b*) to appeal on a question reserved. All that is necessary for the state to do to reserve a question for presentation on appeal to the supreme court is to make proper objections or exceptions at the time the

order complained of is made or the action objected to is taken. *State v. Marek,* 129 Kan. 830, 834, 284 Pac. 424 (1930).

K.S.A. 1977 Supp. 22-3602(*b*) does not authorize an appeal by the state from an order granting a motion for judgment of acquittal. The motion for judgment of acquittal is provided for in K.S.A. 22-3419 as follows:

"22-3419. **Motion for judgment of acquittal.** (1) The court on motion of a defendant or on its own motion shall order the entry of judgment of acquittal of one or more crimes charged in the complaint, indictment or information after the evidence on either side is closed if the evidence is insufficient to sustain a conviction of such crime or crimes. If a defendant's motion for judgment of acquittal at the close of the evidence offered by the prosecution is not granted, the defendant may offer evidence without having reserved the right.

"(2) If a motion for judgment of acquittal is made at the close of all the evidence, the court may reserve decision on the motion, submit the case to the jury and decide the motion either before the jury returns a verdict or after it returns a verdict of guilty or is discharged without having returned a verdict.

"(3) If the jury returns a verdict of guilty or is discharged without having returned a verdict, a motion for judgment of acquittal may be made or renewed within seven days after the jury is discharged or within such further time as the court may fix during the seven-day period. If a verdict of guilty is returned the court may on such motion set aside the verdict and enter judgment of acquittal. It shall not be necessary to the making of such a motion that a similar motion has been made prior to the submission of the case to the jury."

Under the statute, entry of a judgment of acquittal may be made only "if the evidence is insufficient to sustain a conviction" of the crime or crimes charged. By its very nature, a motion for a judgment of acquittal under the Kansas criminal procedure is a ruling based on the sufficiency of the evidence to sustain a conviction of the defendant in the particular case. That motion is not concerned with questions involving the jurisdiction of the court or the sufficiency of the information to state a public offense or any other questions of law other than the sufficiency of the evidence to support a conviction.

In *State v. Gustin,* 212 Kan. at 479, 480, we stated:

"A judgment of acquittal, whether resulting from a jury verdict or ordered by the court, correctly and incorrectly arrived at, terminates the prosecution; and the double jeopardy clause of the fifth amendment bars further proceedings against the defendant for the same offense. . . . If the trial court grants a motion for acquittal, even after a verdict finding defendant guilty, the order is final and *not appealable by the state.* Appellate review of the decision after acquittal would constitute double jeopardy." (Emphasis supplied.)

Since the decision of this court in *Gustin,* several decisions of the

United States Supreme Court have, to some extent, modified the court's previous approach to the double jeopardy clause. The State has directed our attention to *United States v. Wilson,* 420 U.S. 332, 43 L.Ed.2d 232, 95 S.Ct. 1013 (1975). In *Wilson,* the defendant was convicted by a jury for converting union funds. The United States District Court, on a postverdict motion filed by defendant, dismissed the indictment on the ground that the delay between the offense and the indictment had prejudiced the defendant. The Court of Appeals dismissed the government's appeal on the ground that the double jeopardy clause of the Fifth Amendment barred the appeal. The Supreme Court of the United States reversed, holding that the double jeopardy clause of the Fifth Amendment did not bar the government's appeal from the District Court's postverdict dismissal of the indictment. It is important to note that *Wilson* did not involve *a judgment of acquittal* entered after a jury verdict. Furthermore, the decision was based upon the language of the Criminal Appeals Act of 1970, 18 U.S.C. § 3731, which had broadly expanded the right of the United States to appeal in criminal cases.

In *United States v. Scott,* 437 U.S. 82, 57 L.Ed.2d 65, 98 S.Ct. 2187 (1978), on motion of the defendant to dismiss at the close of the evidence, the district court dismissed two counts of the indictment on the ground that the defendant's defense had been prejudiced by preindictment delay. On appeal, the United States Supreme Court held that the government's appeal did not violate the double jeopardy clause and could be taken under 18 U.S.C. § 3731, since the defendant, himself, had sought to have his trial terminated without any submission to either judge or jury as to his guilt or innocence. Other recent decisions distinguish between reversals founded solely upon errors of law and those where the trial court has granted an acquittal based upon the insufficiency of the evidence. See, for example, *Burks v. United States,* 437 U.S. 1, 57 L.Ed.2d 1, 98 S.Ct. 2141 (1978), and *United States v. Martin Linen Supply Co.,* 430 U.S. 564, 51 L.Ed.2d 642, 97 S.Ct. 1349 (1977).

We have concluded that these recent federal decisions have no application to the case before us. In the first place, K.S.A. 1977 Supp. 22-3602 is more restrictive on the right of the prosecution to appeal than the federal appeals statute, 18 U.S.C. § 3731, as amended in 1971. Furthermore, as noted above, under the Kansas

procedure the motion for a judgment of acquittal is based *solely* upon the insufficiency of the evidence to sustain a conviction of the defendant for the crime charged. It follows that the disposition of this case is controlled by *Gustin* and the appeal by the state must be dismissed.

We have also concluded that there has been no question reserved by the state in its brief sufficient to justify this court taking jurisdiction under K.S.A. 1977 Supp. 22-3602(*b*)(3). The issue presented at the trial was essentially a factual issue—whether there was an actual agreement to commit the offense of murder in the first degree. This court has held that, in order to establish the crime of conspiracy as defined by K.S.A. 21-3302, two essential elements must be proved: (1) An agreement between two or more persons to commit, or assist in committing a crime, and (2) the commission by one or more of the conspirators of an overt act in furtherance of the object of the conspiracy. *State v. Daugherty,* 221 Kan. 612, 562 P.2d 42 (1977); *State v. Campbell,* 217 Kan. 756, 539 P.2d 329 (1975). An agreement, by its very nature, requires a meeting of two minds; if there is no meeting of the minds, there can be no conspiracy. *State v. Roberts,* 223 Kan. 49, 52, 574 P.2d 164 (1977).

For the reasons set forth above, the state's appeal is dismissed.

McFARLAND, J., concurring in the result: K.S.A. 1977 Supp. 22-3602 does not authorize the State to appeal from a judgment of acquittal. For this reason, alone, I agree with the result of the majority opinion. I do not agree with the language in the majority opinion which implies that the trial court was correct in its decision to sustain the motion for acquittal.

SCHROEDER, C.J. and MILLER, J., join the foregoing concurring opinion.