No. 52,078

STATE OF KANSAS, *Appellant*, v. LAWRENCE C. LAMKIN, *Appellee*.

(621 P.2d 995)

Opinion filed January 17, 1981.

*Beverly Dempsey*, assistant district attorney, argued the cause, and *Robert T. Stephan*, attorney general, *Vern Miller*, district attorney, and *Richard T. Ballinger*, assistant district attorney, were with her on the brief for the appellant.

No appearance by appellee.

The opinion of the court was delivered by

FROMME, J.: The defendant, Lawrence C. Lamkin, was charged with criminal damage to property of Westward Industries, Inc. The defendant drove a pickup truck in circles over the lawn in front of the building housing this food manufacturing firm. The cost of repair of the lawn was estimated to be $480.00. At the close of the State's evidence, the trial judge entered a judgment of acquittal on the ground the State had failed to introduce any evidence to establish that Westward Industries, Inc. had an interest in the property injured, damaged or substantially impaired. The State in its brief and during oral argument acknowledged the question raised is one asking this court to determine the sufficiency of the evidence introduced at the trial.

Under K.S.A. 1979 Supp. 22-3602(*b*) an appeal may be taken by the prosecution in a criminal trial as a matter of right after a final

judgment in the district court in three situations: (1) From an order dismissing a complaint, information or indictment; (2) from an order of the district court arresting judgment; and (3) upon a question reserved by the prosecution. *State v. Crozier,* 225 Kan. 120, Syl. ¶ 2, 587 P.2d 331 (1978). However, appeals on questions reserved by the prosecution in criminal actions will not be entertained merely to demonstrate whether or not errors have been committed by the trial court in its rulings adverse to the State. Such questions must be of statewide interest and answers thereto must be vital to a correct and uniform administration of the criminal law. *State v. Glaze,* 200 Kan. 324, Syl. ¶¶ 1, 2, 436 P.2d 377 (1968). A judgment of acquittal entered by the trial court on a motion filed by the defendant at the close of the State's evidence is final and not appealable by the State, except in those special circumstances when the question reserved by the State is of statewide interest and is vital to a correct and uniform administration of the criminal law. *State v. Crozier,* 225 Kan. at 126; *State v. Glaze,* 200 Kan. at 325.

In the present case the sufficiency of the State's evidence to establish that Westward Industries, Inc. had an interest in the property damaged is not of statewide interest and an answer to such a question does not appear vital to a correct and uniform administration of the criminal law.

Appeal dismissed.

McFARLAND, J., dissenting: The appeal herein should be determined on its merits. Certainly, sufficiency of the evidence in this particular case is not a matter of statewide interest. However, the question of whether there must be specific evidence of who owns property as opposed to general evidence of ownership is a matter which arises in many criminal cases. The trial judge herein took an extremely strict position on the subject. Presumably, he will adopt the same position when the question next arises and he is not alone in so doing. I believe determination of question is important to a correct and uniform administration of the criminal law of Kansas.