No. 56,801

STATE OF KANSAS, *Appellant,* v. RORY C. HOLLAND, *Appellee.*

(696 P.2d 401)

Opinion filed March 2, 1985.

*Kyle G. Smith,* assistant county attorney, argued the cause, and *Rodney H. Symmonds,* county attorney, and *Robert T. Stephan,* attorney general, were with him on the brief for appellant.

*Neil Roach,* of Roach and Mellinger, P.A., of Emporia, argued the cause and was on the brief for appellee.

The opinion of the court was delivered by

MILLER, J.: This is an appeal by the State of Kansas, pursuant to K.S.A. 22-3602(b)(3), upon a question reserved by the prosecution during the criminal trial in this case. Defendant, Rory C. Holland, was charged and tried in Lyon County District Court with kidnapping, K.S.A. 21-3420, and aggravated assault, K.S.A. 21-3410. He was convicted of the lesser included offenses of unlawful restraint, K.S.A. 21-3424, and assault, K.S.A. 21-3408.

Prior to trial, the defendant filed a motion in limine to prevent the State from introducing evidence of defendant's prior convictions in Shawnee County of attempted murder and aggravated assault. The trial court sustained the motion. During trial, after it appeared that the primary issue was the intent of the defendant, the State sought to have the trial court reverse its earlier ruling and admit the evidence of the aggravated assault conviction. At no time did the State offer certified copies of journal entries showing the Shawnee County conviction or oral testimony concerning the background facts of those offenses. The State did offer, at the original argument on the motion in limine, copies of

the reports of the investigating detectives in the Shawnee County matter.

It has long been the rule of this court that questions reserved by the State in a criminal prosecution will not be entertained on appeal merely to demonstrate whether or not error has been committed by the trial court in its rulings adverse to the State. *State v. Crozier*, 225 Kan. 120, 123, 587 P.2d 331 (1978); *State v. V.F.W. Post No.* 3722, 215 Kan. 693, 695, 527 P.2d 1020 (1974); *State v. Chittenden*, 212 Kan. 178, Syl. ¶ 1, 510 P.2d 152 (1973); *State v. Kopf*, 211 Kan. 848, 508 P.2d 847 (1973); *State v. Glaze*, 200 Kan. 324, Syl. ¶¶ 1 and 2, 436 P.2d 377 (1968). As we noted in *Glaze*, appeals on questions reserved by the State have generally been accepted where they involve questions of statewide interest important to the correct and uniform administration of the criminal law. The decisions have been of such a nature as to serve as a guide in future trials where the same or similar issues are likely to arise. In these cases we have frequently interpreted statutes, sometimes recently enacted, which had not previously been before this court. We have uniformly declined to entertain questions reserved, the resolution of which would not provide helpful precedent. See *Chittenden, Kopf and Glaze.*

In the case now before us, the question concerns the trial court's refusal to admit certain evidence under K.S.A. 60-455, under the facts presented to the trial court. That statute has been the subject of dozens of our opinions. There are 175 case citations to that statute in the bound volume of the Kansas Statutes Annotated and the current supplement thereto. We do not believe that any further opinion of this court on that statute is necessary. The facts of this case do not present a situation which calls for a further statutory interpretation which would be helpful to the bench and bar of this State. The discussion called for here would be but a repetition of what we have already said. The defendant in this case has been convicted and may not be retried upon the more serious charges which were originally lodged against him.

Under the circumstances, we decline to entertain the question reserved. Accordingly, the appeal is dismissed.