NOT DESIGNATED FOR PUBLICATION

No. 124,084

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellant*,

v.

RAYMON LEVI HUNTER,
*Appellee*.

MEMORANDUM OPINION

Appeal from Reno District Court; TRISH ROSE, judge. Opinion filed July 8, 2022. Appeal dismissed.

*Brian Koch*, assistant district attorney, *Thomas Stanton*, district attorney, and *Derek Schmidt*, attorney general, for appellant.

*Carl F.A. Maughan*, of Maughan Law Group LC, of Wichita, for appellee.

Before HILL, P.J., COBLE, J., and PATRICK D. MCANANY, S.J.

PER CURIAM:  During Raymon Levi Hunter's trial for possession of marijuana and drug paraphernalia, the State objected to a line of questioning by the defense regarding Hunter's mental state at the time of his arrest. The State argued Hunter did not comply with the notice requirement of K.S.A. 22-3219(1), which rendered evidence regarding his mental state to be inadmissible. The district court overruled the State's objection and a jury ultimately acquitted Hunter of all charges. The State appeals. Finding consideration of this question would not provide helpful precedent, this court dismisses the appeal for lack of jurisdiction.

1

Hunter was arrested on October 28, 2018, after a citizen reported that he was digging in the front yard of an apartment complex just after midnight while wearing dark clothing and a Halloween mask. When officers approached, Hunter identified himself and informed them he was a member of a Native American tribe who had mineral rights to the land. Police dispatch informed the responding officers that Hunter had active arrest warrants, and he was arrested and transported to jail. When he was searched by jail staff, multiple items were found in his pants pockets, including a yo-yo, rock, and a metal pen casing. An officer described it as "a [hollow] part of a pen, like a metal pen that had the innards taken out of it and had, with [his] training and experience, had been turned into a metal, one-hitter pipe" that is commonly used to smoke marijuana. The pen casing was sent to the KBI laboratory for testing. Testing revealed the presence of tetrahydrocannabinol, the psychoactive ingredient found in marijuana, in the device. The State charged Hunter with possession of marijuana with two or more prior convictions, in violation of K.S.A. 2018 Supp. 21-5706(b)(3), and possession of drug paraphernalia with intent to use it to introduce a controlled substance into the human body, in violation of K.S.A. 2018 Supp. 21-5709(b)(2).

At Hunter's jury trial, Officer Cory Schmidt described Hunter's behavior the night he was arrested as "bizarre" and "a little erratic." The officer added, "Especially it seemed odd to me that somebody was digging in a front yard at 12:30 in the morning."

During cross-examination of Officer Schmidt, the State objected when defense counsel asked the officer if Hunter demonstrated "any types of mental disease that would be consistent with [Officer Schmidt's] training" at the time he approached Hunter at the apartment complex. The prosecutor argued defense counsel was attempting to use mental disease as a defense without following the statutorily required procedure found in K.S.A.

22-3219(1). The prosecutor argued admitting the evidence was inappropriate and irrelevant.

The district court overruled the State's objection but declined to address "the application of the statute." Officer Schmidt proceeded to testify that Hunter was acting odd, but he could not identify whether Hunter was suffering from a specific psychological episode or source. Defense counsel did not further rely on this line of testimony in her closing argument but focused on whether Hunter had knowledge of the microscopic substance inside the broken pen, or whether the pen could be used as drug paraphernalia, and whether the State had proven as much.

At the conclusion of the trial, the jury acquitted Hunter of all charges. The State appeals.

ANALYSIS

The right to appeal is entirely statutory. *State v. Berreth*, 294 Kan. 98, 110, 273 P.3d 752 (2012); *State v. Crozier*, 225 Kan. 120, 122, 587 P.2d 331 (1978) ("[I]n the absence of a statute which authorizes an appeal, an appeal is not available to the losing party in the district court."). Moreover, the State's statutory authority to appeal, when compared to a defendant's, is restricted. "While the State only has limited appeal rights, a criminal defendant has a nearly unlimited right of review." *State v. Boyd*, 268 Kan. 600, 605, 999 P.2d 265 (2000); see also *State v. Walker*, 260 Kan. 803, 806, 926 P.2d 218 (1996) (noting that appeals by the State in criminal cases are tightly restricted by statute).

The State asserts this appeal under K.S.A. 2021 Supp. 22-3602(b)(3), which provides a statutory basis for appeal "upon a question reserved by the prosecution." Our Supreme Court has held that "appellate courts will accept appeal of questions reserved when the issues are 'matters of statewide interest important to the correct and uniform

administration of the criminal law and interpretation of statutes . . . .'" *State v. Skolaut*, 286 Kan. 219, 225, 182 P.3d 1231 (2008). "'Questions reserved presuppose that the case at hand has concluded but that an answer to an issue of statewide importance is necessary for disposition of future cases.' [Citations omitted.]" *Berreth*, 294 Kan. at 124.

The State acknowledges this jurisdictional requirement and argues the district court declined to apply K.S.A. 22-3219(1) over the State's objection, which allowed the jury to hear inadmissible testimony. The State maintains that "[r]ejecting the trial court's conclusion that it can bypass the [L]egislature's intent" by refusing to apply the statutory standards "would allow for the uniform administration of criminal law across the State of Kansas."

Hunter contends this court lacks jurisdiction to consider the State's appeal due to the absence of a valid question reserved. An appellate court has a duty to question jurisdiction on its own initiative. When the record discloses a lack of jurisdiction, the appellate court must dismiss the appeal. *State v. Delacruz*, 307 Kan. 523, 529, 411 P.3d 1207 (2018); *In re S.L.*, 62 Kan. App. 2d 1, 4, 505 P.3d 382 (2022). Jurisdiction is a question of law over which this court exercises unlimited review. *Berreth*, 294 Kan. at 109.

As noted, questions reserved by the prosecution must be issues of statewide interest important to the correct and uniform administration of the law and the interpretation of statutes. "Questions reserved by the State in a criminal prosecution will not be entertained merely to determine whether error has been committed by the trial court in its rulings adverse to the State." 294 Kan. at 121. And appellate courts will not consider cases in which resolution of the question would not provide helpful precedent. 294 Kan. 122; *Skolout*, 286 Kan. at 225.

Here, the State does not clearly present a question reserved that meets these requirements. The State first contends Officer Schmidt's testimony regarding Hunter's mental state was neither relevant nor admissible under K.S.A. 22-3219(1) and asserts the district court's failure to rule on the applicability of this statute was arbitrary and an error of law. The State reasons the district court's error was prejudicial against the State because it was not notified and so it could not be adequately prepared. And, the jury was permitted to hear the inadmissible testimony, which was also prejudicial. The State then takes a 30,000-foot view to maintain: "In a broader sense, whenever a trial court refuses to apply the correct law, no party in any case can be assured a fair trial."

The State ultimately presents a mixed question to this court, at best, and an unclear presentation, at worst. It initially argues this court "should answer the State's question reserved and explicitly hold the mental disease or defect testimony is inadmissible without compliance with K.S.A. 22-3219." But the State also concludes: "Requiring the trial court to apply specific admissibility statutes is necessary for the uniform statewide administration of criminal law." In essence, the State asks this court to both find the testimony inadmissible and to require the trial court to apply statutes as necessary.

Resolving the latter part of the State's request is the simpler answer, because even if resolved in its favor, such a decision would not provide useful precedent. See *Berreth*, 294 Kan. at 122. It is entirely unnecessary to consider this appeal to find that trial courts are required to apply the statutes governing the admissibility of evidence. See *State v. Carapezza*, 286 Kan. 992, 997, 191 P.3d 256 (2008) ("All relevant evidence is admissible unless prohibited by statute."); K.S.A. 60-407(f). In this respect, the State is merely asking this court to determine whether the district court erred when it refused to address the applicability of K.S.A. 21-3219, and this court is not to entertain such an argument under these circumstances. See *Berreth*, 294 Kan. at 121.

5

But consideration of the State's initial, more thorny claim—that Officer Schmidt's testimony is inadmissible without compliance with K.S.A. 21-3219—would not provide helpful precedent, either. Fundamentally, the State is challenging whether the district court erred in admitting Officer Schmidt's testimony. Appellate review of a trial court's decision to admit evidence is a two-step process. First, appellate courts determine whether the evidence is relevant. If the evidence is relevant, the court applies the statutory provisions governing the admission and exclusion of evidence. *State v. Phillips*, 295 Kan. 929, 947, 287 P.3d 245 (2012).

The parties do not agree on whether, or how, the evidence was relevant during trial. Although the State briefly discusses the relevance of Officer Schmidt's testimony, it spends a majority of its brief challenging the adequacy of the district court's legal basis for admitting the testimony. And, though Hunter does not candidly admit Officer Schmidt's testimony was relevant to prove a lack of the required mental state as a result of a mental disease or defect, he seemed to concede as much. In response to the State's objection, defense counsel argued "it's *not irrelevant*, because whether or not Mr. Hunter recognized what was in his pocket, or what he was picking up would demonstrate an important element in the case; knowingly possessing is an element of the case." (Emphasis added.)

Assuming for the purposes of this opinion that Officer Schmidt's testimony about Hunter's mental state was relevant does not change the outcome of our decision here. Surmising relevance, given Hunter's defense counsel's concession, the evidence fell within the scope of K.S.A. 22-3219(1). To present evidence of Hunter's mental state at trial under the plain language of the statute, Hunter was required to provide notice as set out K.S.A. 22-3219(1). See *State v. Maestas*, 298 Kan. 765, 782, 316 P.3d 724 (2014). It is undisputed that Hunter did not provide such notice.

So, given the specific facts of this case, the district court may have erred. But this panel cannot actually reach this inquiry, because determinative of this appeal is this: Even if the district court did stumble, consideration of the State's question would not provide useful precedent because both the plain language of the statute itself and prior court decisions require the defendant to provide notice. Under K.S.A. 22-3219(1):

"Evidence of mental disease or defect excluding criminal responsibility is not admissible upon a trial unless the defendant served upon the prosecuting attorney and files with the court a written notice of such defendant's intention to assert the defense that the defendant, as a result of mental disease or defect lacked the mental state required as an element of the offense charged. Such notice must be served and filed before trial and not more than 30 days after entry of the plea of not guilty to the information or indictment. For good cause shown the court may permit notice at a later date."

Based on the plain language of the statute, a defendant is required to provide notice if he or she intends to present "[e]vidence of mental disease or defect excluding criminal responsibility . . . ." K.S.A. 22-3219(1). And, in *Maestas*, 298 Kan. at 782, our Supreme Court interpreted this same statute to require compliance "whenever a defendant seeks to prove lack of the required mental state as a result of a mental disease or defect." The defendant in *Maestas* conceded the purpose of his "auditory hallucination evidence" was to negate the mental state elements of his first-degree murder charge. 298 Kan. at 781-82. As such, the *Maestas* court determined this evidence fell within the scope of K.S.A. 22-3219(1) and held the district court did not err in barring the auditory hallucination evidence because the defendant did not provide notice as required by the statute. 298 Kan. at 782.

The State asks this court to find Officer Schmidt's testimony was inadmissible without Hunter's compliance with K.S.A. 22-3219(1), but *Maestas* has already answered the question. Multiple decisions from our appellate courts have found when the question has been addressed by the courts, we will not consider the same. For example, in *Berreth*,

the State sought appellate review for its questions reserved because it wanted clarification regarding a line of cases. But the *Berreth* court held it was "unlikely a written judicial opinion was required on this issue" because the clarification sought by the State had been provided in a different case. 294 Kan. at 122. The *Berreth* court noted panels of this court had dismissed appeals as no longer of statewide importance because the court had already addressed it in a prior case. 294 Kan. at 122-23. See *In re E.F.*, 41 Kan. App. 2d 860, 861-62, 205 P.3d 787 (2009); see also *State v. Sanderson*, No. 104,052, 2011 WL 1377073, at *2 (Kan. App. 2011) (unpublished opinion) ("Because clear precedent has already been established . . . we decline jurisdiction on the question reserved by the State and, accordingly, dismiss the appeal."); *State v. Hudson*, No. 103,360, 2011 WL 1344730, at *3 (Kan. App. 2011) (unpublished opinion) (dismissing appeal because the "legal authority cited by the State only serves to indicate that the question reserved by the prosecution in this appeal has already been addressed by Kansas courts").

Because *Maestas* has already held K.S.A. 22-3219(1) requires defendants to comply with the statute by providing notice for such evidence to be admissible, determination of the State's question reserved would not provide helpful precedent. And, considering that *Maestas* has already answered the State's question reserved, this court does not entertain the State's appeal "merely to determine whether error has been committed by the trial court in its rulings adverse to the State." *Berreth*, 294 Kan. at 121. *Maestas* already informs the holding and finding the district court erred in admitting the evidence would not provide helpful precedent.

Here, the State fails to present a question reserved that includes issues of statewide interest important to the correct and uniform administration of the law and the interpretation of statutes. Rather, it seeks this court's determination that the district court erred. As a result, we decline to consider the State's appeal under K.S.A. 2021 Supp. 22-3602(b)(3) and dismiss this appeal for lack of jurisdiction.

Appeal dismissed.